### LEVY v. COHEN.

*(City Court of New York, General Term.* March 10, 1892.)

CORPORATIONS—INSPECTION OF BOOKS—RECOVERY OF PENALTY—PLEADING.

    In an action by a stockholder against the general manager of a corporation to recover a penalty for refusing to allow plaintiff an inspection of the company's books, the complaint alleged that defendant "refused to exhibit the same, or to allow the same to be inspected by plaintiff or his representative." *Held* broad enough to admit of proof that a demand for inspection was made by plaintiff in person, rendering it unnecessary to decide whether the word "representative," used in Laws 1890, c. 564, § 29, describing the persons entitled to inspection, will include the stockholder's agent.

Appeal from special term.

Action by John J. Levy against Stanley Cohen. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN WYCK and FITZSIMONS, JJ.

*William N. Cohen,* for appellant.   *Freling H. Smith,* for respondent.

VAN WYCK, J.   This is an action brought by a stockholder to recover a penalty from the general manager of a domestic corporation for refusing him an inspection of the company's books, as required by section 29, c. 564, Laws 1890.   The main contention of appellant's counsel is that the words, "and their personal representatives," as used in that section, to give the right of inspection of books to stockholders and creditors of the corporation and their personal representatives, should be construed as meaning their executors and administrators, and as not meaning agents; and cites, as an authority in support of this contention, the decision in *People* v. *Reporter Co.,* 20 Abb. N. C. 193; but the learned justice there writing merely ruled that a demand made by the attorney of record, in an action by a stockholder, for an inspection by him, the attorney, in the absence of any specific authorization from such stockholder to make such demand or inspection, was not a sufficient demand upon which to base an application for a *mandamus* against the defendant company, whose officer had refused such inspection to the attorney upon his demand, without any specific authority to make the same.   The complaint to which defendant's demurrer was interposed alleges "that the plaintiff, by his duly-authorized representative, requested the defendant to exhibit to him the books of said company; but that the defendant wholly neglected and refused to exhibit the same, or to allow the same to be inspected by plaintiff or his representative." Under this allegation, we are not called upon to pass upon the meaning of the words "their representatives," as used in section 29; for the pleading is broad enough to permit of proof that a demand was made to have the books exhibited to plaintiff in person, although the same may have been made through his representative or agent, and that the defendant refused to permit an inspection of the books by the plaintiff in person.   If the plaintiff had written defendant to permit the bearer, his duly-authorized representative, to inspect the books, but if for any reason he declined to permit such representative to inspect them, then that he demanded an inspection for himself in person, and requested the naming of a convenient time for the same, and to which the defendant replied by letter, that he refused to allow either such representative or the plaintiff in person to inspect the books at any time or place whatever, who can doubt but that these letters could be given in evidence, under the allegations of the complaint, in order to prove that defendant had refused plaintiff an inspection of the company's books?   Order and judgments appealed from affirmed, with costs.