THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUGUSTUS CLASON, Respondent, *v.* THE NASSAU FERRY COMPANY and Another, Appellants.

*Mandamus — right to inspect corporate stock book and account books — facts to be shown on an application for.*

A stockholder of a corporation operating a ferry has the right, under section 29 of chapter 688 of the Laws of 1892, to inspect the stock book of such corporation during business hours, with his attorney or other person having the requisite knowledge, to obtain information as to the financial condition of the corporation and as to the management and the conduct of its officers, and where such request is denied the corporation will be compelled by mandamus to produce such book.

An order directing an examination of the books of account of a corporation will not be granted by the court at the instance of a stockholder of such corporation, unless it appears that such stockholder is the owner of the amount of the capital stock of such corporation specified in section 52 of chapter 688 of the Laws of 1892, and has made a written request to the treasurer of such corporation for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, and such treasurer, within thirty days after the receipt of such written request, has not delivered the same to him.

APPEAL by the defendants, The Nassau Ferry Company and another, from an order of the Supreme Court, granted at the New York Special Term on the 11th day of March, 1895, and entered in the office of the clerk of the county of New York, awarding to the relator a peremptory writ of mandamus requiring the defendants to allow the relator, with the aid of his attorney or other necessary assistant, to examine and inspect and take extracts from the records and books of account of the said Nassau Ferry Company and the books kept by said corporation containing the names of all persons who are, or since the incorporation of the said corporation have been, stockholders of such corporation and showing their places of

residence, the number of shares of stock held by them respectively, the time when they respectively became owners of such shares and the amount actually paid thereon.

*S. Hanford*, for the appellants.

*L. Laflin Kellogg*, for the respondent.

O'BRIEN, J.:

The relator, as owner of thirty-three and a half shares of the capital stock of the Nassau Ferry Company, in company with his attorney, demanded the right to be allowed, during business hours, to examine the records, books of account and stock books of the company, which demand was refused by the treasurer, except that the latter offered to allow the relator himself to examine the stock book. The judge at Special Term held that the relator was entitled to the writ, and granted an order directing it to issue, which required that he be allowed, with the aid of his attorney or other necessary assistant, to inspect and examine all the books of the company mentioned.

It appears by the relator's affidavit that the stock of the company, as fixed by its certificate, was the sum of $15,000, divided into 150 shares of $100 each ; that the stock which came to the relator was not acquired by purchase, but was received by him pursuant to the provisions of the will of his deceased grandfather ; that the purpose for which the examination was sought was to ascertain the value of the stock, sales of which had not taken place in the open market ; and that in relator's view the only mode of finding out what was the value of the stock owned by him was to obtain the names of the stockholders and confer with them, and, in addition, to obtain a knowledge as to the financial condition of the company and the management and conduct of its affairs.

As to the stock of the company, we think that the relator's right is accorded by the Stock Corporation Law (Laws 1892, chap. 688, § 29), which, with respect to corporations like the ferry company, among other things, provides : "The stock book of every such corporation shall be open daily during business hours for the inspection of its stockholders and judgment creditors, who may make extracts therefrom."

This brings us to the second question, as to the relator's right to an examination of the books of account of the company. By section 52 of the Stock Corporation Law, already referred to, the relator, being the owner of more than a sufficient amount of the capital stock of the company, could have made a written request to the treasurer "for a statement of its affairs under oath, embracing a particular account of all its assets and liabilities," and the treasurer would have been required to deliver the same within thirty days. If the relator had availed himself of this provision of law he would have obtained practically all the information which he states that he desires, and we think that before invoking the aid of the court he should have exhausted the remedy given to him by statute, which, if it had been resorted to, might have obviated the necessity of this application. It may be that the Supreme Court, independently of statute, by virtue of its supervisory powers, has the right to order an inspection of the books of account of a corporation by a stockholder upon a proper showing being made, particularly in the absence of any statutory restriction of such power. It is not, however, necessary for us to determine that question, for the reason that in this case no sufficient showing was made to entitle the relator to the relief sought, and no explanation afforded why he did not take the remedy given by statute and demand a verified statement from the treasurer, nor is there anything to show that such a statement so furnished would not have given him all the information he desired.

The excuse that the officers were justified in refusing to permit the relator to examine the books merely because his counsel was present, we think was an unreasonable one, as it was entirely proper for one situated as the relator, who was not familiar with corporate affairs, to take with him his attorney or other person having the requisite knowledge to obtain for him the information to which he was entitled.

We think that so much of the order as directed an inspection of the stock books should be affirmed, and in other respects it should be reversed, without costs to either party upon this appeal.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order modified as directed in opinion, without costs.