(24 Misc. Rep. 193.)

### RECKNAGEL v. EMPIRE SELF-LIGHTING OIL-LAMP CO.

(Supreme Court, Appellate Term.    July 1, 1898.)

EXAMINATION OF STOCK BOOK—REFUSAL.

> Where a stockholder of a foreign corporation, having an office in New York, duly demands inspection of the stock book at that office, under section 53 of the "Stock Corporation Law," as amended by Laws 1897, c. 384, the fact that the book is in another city, in the hands of an accountant, to be written up, or that the officer on whom the demand is made offers the stockholder a letter to the accountant, or to have the book at the main office of the company in another state, on a subsequent day, does not relieve the company from the penalty imposed by the statute, for the book must be kept in the office in this state, and the stockholder has a right to inspect it there.

Appeal from First district court.

Action by William C. Recknagel against the Empire Self-Lighting Oil-Lamp Company.    From a judgment in favor of defendant, plaintiff appeals.    Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Atwater & Cruikshank, for appellant.
Henry M. Brigham, for respondent.

GIEGERICH, J.    This action was brought to recover a penalty under the provisions of the "Stock Corporation Law" (section 53, c. 36, Gen. Laws), as amended by chapter 384, Laws 1897, for refusing to exhibit to a stockholder the stock book of the defendant corporation.    The statute provides:

"Every foreign stock corporation having an office for the transaction of business in this state, except moneyed and railroad corporations, shall keep therein a book to be known as a stock book. * * * Such stock book shall be open daily, during business hours, for the inspection of its stockholders. * * * If any such foreign stock corporation has in this state a transfer agent, whether such agent shall be a corporation or a natural person, such stock book may be deposited in the office of such agent, and shall be open to inspection at all times during the usual hours of transacting business, to any stockholder. * * * For any refusal to allow such a book to be inspected, such corporation and the officer or agent so refusing shall each forfeit the sum of two hundred and fifty dollars to be recovered by the person to whom such refusal was made."

The answer denied all the allegations of the complaint, except that the defendant was a foreign corporation. The plaintiff is a stockholder of the defendant corporation, which was organized under the laws of the state of New Jersey. The defendant, which is not a moneyed or railroad corporation, has its only office for the transaction of business within this state located in the city of New York. The plaintiff and one of his attorneys testified as to the demand for an inspection of the defendant's stock book. The defendant did not offer any proof. The testimony adduced in behalf of the plaintiff tended to show that on the 11th day of February, 1898, at half past 3 o'clock in the afternoon, the plaintiff, in company with one Thereon S. Atwater, Esq., one of his attorneys, called at the defendant's New York office, No. 68 Murray street, in the city of New York, and made a demand upon one William H. Seidel, who was the person in charge and the vice president of the company, for an inspection of its stock book, but that the latter failed to then comply with the request, stating that the book was in Brooklyn, in the hands of one Cook, an accountant, for the purpose of being written up, and offering to either give plaintiff a letter to said Cook, or to have the book at the main office of the company in Jersey City on the following Wednesday. These offers were declined by the plaintiff. When the plaintiff rested, the defendant moved for a dismissal of the complaint, and for a direction of a verdict in its favor, on the ground that no breach of the statute had been shown. The justice, in rendering judgment for the defendant, decided "that there was no refusal on the part of the defendant to show the stock book," and the plaintiff has brought on this appeal.

For the purpose of a determination of such motions, the testimony so introduced should have been assumed to be true, and it should have been given the benefit of all legitimate inferences therefrom in favor of the plaintiff. It is manifest that this rule was not observed by the justice in passing upon the sufficiency of plaintiff's evidence, which, to my mind, showed a violation of the above-cited provisions. The statute in question was evidently enacted for the purpose of enabling stockholders of a stock corporation to inspect its stock book at its office in the state, or at the office of its transfer agent, if any, within the state, during business hours. If this view is well founded, then it is obvious that such book must be kept in the office referred to; that a stockholder has a right to insist upon there making an inspection of the book; and that he is not required to go elsewhere for that purpose. It follows from these views that

neither the offer of Mr. Seidel to give the plaintiff a letter to Mr. Cook, in Brooklyn, nor his offer to have the stock book at the principal office in Jersey City on a subsequent day, was a compliance with the statute. The case of Kelsey v. Fermentation Co., 41 Hun, 20, cited by the defendant, has no application, for the reason that there the person who had the key to the safe where the stock book was locked up was out of town; that no one else knew the combination and could open the safe, and the defendant's president informed the stockholder that such person would be back early Monday morning, and that, if he would come in then, he could see the book; that, on Monday morning, the stockholder did go to the defendant's office, found the person who had the key to the safe, and saw the book. Here the situation is entirely different, because the stock book was not at the proper office when the plaintiff made the demand, and an opportunity for inspection was only offered at places other than such office. It would perhaps have been well for the justice to have admitted evidence of previous efforts to obtain an inspection of the book in question. Such testimony, in my opinion, would have tended to show the good faith of the plaintiff, and have had a bearing upon the validity of the excuse which the defendant's vice president gave in explanation of the refusal to permit such inspection.

For the foregoing reasons, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(24 Misc. Rep. 204.)

### LEVY v. AMERICAN WAX & PAPER MFG. CO.

(Supreme Court, Appellate Term.     July 1, 1898.)

SALE—WARRANTY OF QUALITY.

Appeal from First district court.

