### FAY v. COUGHLIN-SANDFORD SWITCH CO.

(Supreme Court, Appellate Term. June 22, 1905.)

1. CORPORATIONS—STOCKBOOK—STATUTORY REQUIREMENTS.

   Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, as amended by Laws 1897, p. 314, c. 384, § 3, requiring foreign corporations doing business in the state to keep a stockbook containing the names of stockholders, their places of residence, the numbers of shares of stock held by them respectively, and the amount paid thereon, and subjecting such corporations to a penalty "for any refusal to allow such a book to be inspected" by stockholders, is not satisfied by the keeping of a book which fails to show the residence by street and number of city stockholders, and which in many cases has the word "unknown" inserted in the column provided for the amount paid on the stock.

2. SAME—INSPECTION—EXTRACTS FROM BOOK.

   Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, as amended by Laws 1897, p. 314, c. 384, § 3, requiring foreign corporations to keep

a stockbook for the inspection of stockholders, and subjecting them to a penalty for refusal to permit such inspection, entitles the stockholders to take extracts from the stockbook.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Clarence H. Fay against the Coughlin-Sandford Switch Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Alexander Thain, for appellant.

Daniel Burke, for respondent.

MacLEAN, J. The plaintiff, among other things in his complaint, alleged, and upon the trial testified, that on or about the 6th day of December, 1904, he demanded permission to inspect the stockbook of the defendant, but that the defendant refused to allow him to take extracts from the book produced as its stockbook, and which "did not contain," as conceded, "the street and number of the stockholders resident in cities, of whom there were many, and that for more than half the stockholders mentioned in said book the word 'unknown' was inserted in the column provided for the amount paid on said stock." It was conceded that the plaintiff became a stockholder on December 5, 1904.

By the provisions of section 53 of the Stock Corporation Law, Laws 1892, p. 1840, c. 688, as amended by Laws 1897, p. 314, c. 384, § 3, it is mandatory upon every foreign corporation having an office for the transaction of business in this state to keep a book, "to be known as a stock book, containing the names alphabetically arranged, of all persons who are stockholders of the corporation, showing their places of residence, the number of shares of stock held by them respectively, the time when they respectively became the owners thereof, and the amount paid thereon." In Recknagel v. Empire Self-Lighting Oil Lamp Co., 24 Misc. Rep. 193, 195, 52 N. Y. Supp. 635, this court said:

"The statute in question was evidently enacted for the purpose of enabling stockholders of a stock corporation to inspect its stockbook at its office in the state, or at the office of its transfer agent, if any, within the state, during business hours. If this view is well founded, then it is obvious that such book must be kept in the office referred to, that a stockholder has a right to insist upon there making an inspection of the book, and that he is not required to go elsewhere for that purpose."

Much less would he seem to be required to be satisfied with a factitious book which was conceded to be not in conformity to statute, for information obtained therefrom would be of little value. Moreover, from the book that was produced he was not allowed to take extracts. This was his right, for "the right of inspection * * * carries with it the right to make such extracts from the book as will enable the shareholder to retain the information disclosed by the inspector." People ex rel. Lorge v. Consolidated Nat. Bank (decided by the Appellate Division of this Department in May, 1905) 94 N. Y. Supp. 173. Upon the facts proven and

admitted, the plaintiff was denied the inspection which was his right, and therefore the judgment for the penalty, imposed by statute therefor, rendered in his favor, must be affirmed.

Judgment affirmed, with costs.   All concur.