(56 Misc. Rep. 508.)

## ALTHAUSE v. GIROUX.

### SAME v. GIROUX CONSOL. MINES CO.

(Supreme Court, Appellate Term.   November 29, 1907.)

**1. CORPORATIONS—STOCKHOLDERS—RIGHT TO INSPECT RECORDS.**

Under Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, providing that the transfer agent of a foreign corporation shall during usual business hours exhibit to a stockholder, when required by him, the transfer book and a list of stockholders of the corporation, if in his power to do so, a stockholder is entitled to make a detailed copy of the list of stockholders, in the absence of a showing that the purpose for which the inspection was sought was illegitimate or ulterior.

**2. SAME—BASIS OF RIGHT.**

The right to inspect the general books of a corporation is founded on the common law, and rests in the discretion of the court, while the right to inspect the stock book is statutory and absolute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 685.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

James A. Allen, for appellant.
Dennis & Buhler, for respondents.

LEVENTRITT, J. These appeals may be considered together, as the evidence introduced was the same in both cases. The plaintiff sued the defendant company and the individual defendant, who was its secretary, to recover two several penalties of $250 each under section 53 of the stock corporation law (Laws 1892, p. 1840, c. 688), which provides:

"The transfer agent in this state of any foreign corporation whether such agent shall be a corporation or a natural person, shall, at all times during the usual hours of transacting business, exhibit to any stockholder of such corporation, when required by him, the transfer book, and a list of the stockholders thereof, if in his power to do so, and for every violation of the provisions of this section, such agent, or any officer or clerk of such agent, shall forfeit the sum of two hundred and fifty dollars, to be recovered by the person to whom such refusal was made."

The only point at issue is whether the plaintiff had, in addition to the right of inspection given by the statute, the right to make such

extracts from the stock book as he saw fit. It is clearly established by admission or competent proof that the defendant is a foreign corporation, other than a moneyed or railroad corporation, having an office for the transaction of business in this state; that the plaintiff is a stockholder owning 10 shares of stock; that on the 28th day of March, 1907, he made due oral and written demand during business hours to inspect and make extracts from the stock book; and that the right to inspect was conceded and that to make extracts was denied. The defendant, according to the testimony of its officer, offered to allow "minor extracts" to be taken, but refused to permit a detailed copy of the list of the stockholders to be made. Judgment below went for the defendant.

We are of the opinion that this was error. There is nothing, in these records at least, to show that the purpose for which the inspection was sought was illegitimate or ulterior. In his written demand the plaintiff, in affidavit form, swore that his purpose was not inimical to the corporation, and in the absence of some more substantial evidence we should not be justified in ignoring the mandatory direction of the statute. There is a clear distinction between the right to inspect the general books of a corporation, which is founded on a common-law basis, the granting or withholding of which rests in the sound discretion of the court (Matter of Steinway, 159 N. Y. 264, 53 N. E. 1103, 45 L. R. A. 461; People ex rel. Callanan v. K., etc., R. R. Co., 106 App. Div. 350, 94 N. Y. Supp. 555; Matter of Coats, 75 App. Div. 567, 78 N. Y. Supp. 429); and the right to inspect the stock book, which is founded on statute and is absolute (People ex rel. Clason v. Nassau Ferry Co., 86 Hun, 128, 33 N. Y. Supp. 244). It has been affirmatively held that the word "inspection," as used in section 53 of the stock corporation law, was broad enough to authorize the making of extracts. Fay v. Coughlin-Sanford Switch Co., 47 Misc. Rep. 687, 94 N. Y. Supp. 628; People ex rel. Lorge v. Consol. Nat. Bank, 105 App. Div. 409, 94 N. Y. Supp. 173. Thus, in the Lorge Case, the Appellate Division of this department reversed an order denying a peremptory writ of mandamus to a stockholder of a national bank located in the state of New York, who sought an inspection for the purpose of making a list of the stockholders. The clear import of that decision is that under federal and state statutes— under section 5210 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 3498], as well as under section 29 of our stock corporation law, referring to domestic corporations, and under section 53, referring to foreign corporations—the right to make extracts is included in that of inspection. "The right of inspection, therefore, carries with it the right to make such extracts from the books as will enable the shareholder to retain the information disclosed by the inspection. Doubtless the court has power to withhold an inspection for an illegitimate purpose, and may regulate the time when the inspection shall be made. But where it is sought for a legitimate purpose, and the application is made during business hours, the right to such inspection is mandatory." It has been held in the third department that the motives of a stockholder in inspecting the stock

book alone are immaterial. People ex rel. Callanan v. K., etc., R. R. Co., supra. But this statement would seem to be too broad under the rule of the Lorge Case. It rests on a decision of this department in People ex rel. Gunst v. Goldstein, 37 App. Div. 550, 56 N. Y. Supp. 306, which, however, is not authority for the proposition; the court in that case merely holding that the motives of a president of a corporation were immaterial, as he was entitled to an inspection as a matter of right by virtue of his office.

In the cases at bar there is nothing impugning the plaintiff's motives to the extent of showing illegitimacy of purpose. It is claimed that he became a stockholder within 10 days of his demand. But in the case of Fay v. Coughlin-Sanford Switch Co., supra, which was also an action for a penalty arising under the same section, this court affirmed a judgment where the plaintiff had become a stockholder only the day previous to his demand for an inspection. In the Fay Case the decision turned in part on the right to make extracts, and even were there no other authority we should regard it as controlling.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.