(169 App. Div. 421)

#### PEOPLE ex rel. BARTELS v. BORGSTEDE et al.

(Supreme Court, Appellate Division, Second Department. October 22, 1915.)

1. MANDAMUS ⊛⟝10—GROUNDS—DENIAL OF CLEAR RIGHT.
  A writ of mandamus will lie only upon the denial of a clear right.
  [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 37; Dec. Dig. ⊛⟝10.]

2. CORPORATIONS ⊛⟝311—BOOKS—DIRECTOR—EXAMINATION—DUTY—AID OF ACCOUNTANT.
  A director, exercising his right to inspect the books of a corporation, may have the aid of an accountant or attorney, because of the intricacy of corporate accounts.
  [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1374–1375½; Dec. Dig. ⊛⟝311.]

3. CORPORATIONS ⊛⟝311—BOOKS—DIRECTOR—DUTY OF INSPECTION—DELEGATION.
  The director cannot, however, delegate his right of inspection, so as to subject the corporation's books to the unchecked scrutiny of an auditing company under no legal duty to respect its private affairs; the corporation being thereby denied the protection afforded by the fiduciary responsibility of the director and the judicial control of his acts.
  [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1374–1375½; Dec. Dig. ⊛⟝311.]

Appeal from Special Term, Kings County.

Mandamus by Henry Bartels against John G. Borgstede, as president of the Ferncliff Cemetery Association, and others, to compel inspection of books of the corporation. From an order granting a peremptory writ, defendants appeal. Reversed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

George H. Taylor, Jr., of New York City, for appellants.

Clarence A. Appleton, of New York City (Herman Elfers, of New York City, on the brief), for respondent.

PUTNAM, J. [1, 2] Relator, a director of the Ferncliff Cemetery Association, has obtained a writ of peremptory mandamus requiring the president and treasurer of the corporation to exhibit for examination the books of the corporation to the American Audit Company, as relator's agent. Such a writ does not lie except to carry out a clear right that has been denied. The personal right of a director to inspect and examine the corporation books is unquestioned; and, because such corporate accounts may be often intricate and complicated, an accountant or an attorney at law may aid the director in this investigation. People ex rel. Clason v. Nassau Ferry Co., 86 Hun, 128,

⊛⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

33 N. Y. Supp. 244. From the first, defendants admitted this. However, the exercise of this right became inconvenient when the cemetery company closed its town office in the borough of the Bronx and removed its books to the cemetery office at Woodlands, in the town of Greenburgh, Westchester county, which involved a railroad journey of less than 20 miles from New York.

[3] This, however, did not authorize the relator to delegate his official right and duty as director to the American Audit Company, and to subject the corporate books to the unchecked scrutiny of the Audit Company's employés. Where such inspection is internal, being in the line of a director's official acts, such scrutiny is a duty, because of the trust reposed in the director's fiduciary office and responsibility. Thompson on Corporations (2d Ed.) § 4520. But such a broad right cannot be entirely turned over to professional accountants, acting alone, who have not this responsibility, and over whom there is not the same judicial control. When defendants offered to exhibit the books to relator, "assisted by any one person whom he may designate," they stated their legal duty (People ex rel. McInnes v. Columbia Bag Co., 103 App. Div. 208, 92 N. Y. Supp. 1084), and in such a proceeding were not obliged to turn over the corporate books to the Audit Company, as might possibly be required in a hostile proceeding for discovery, or under the power of visitation.

It is true that in such investigation by stockholders, on whom rests no duty to look at the books, they have been allowed to appoint an agent. State of Louisiana ex rel. Martin v. Bienville Oil Works Co., 28 La. Ann. 204. This was also permitted to the 1,300 dissatisfied members of a trade union, who obviously could not personally examine the society accounts. Norey v. Keep, [1909] 1 Chan. 561. But even there the examining accountant had in advance to undertake that the data obtained should only be used for informing his clients.

While a director may properly use professional aid to familiarize himself with the accounts, still it is the director, as a corporate official, who himself makes the search through the corporate books. In cases like that at bar, his responsibility cannot be left wholly to a firm of accountants.

The order is therefore reversed, with $10 costs and disbursements, and the relator's application denied, with $10 costs. All concur.