# COURT OF SPECIAL SESSIONS—CITY OF NEW YORK—BOROUGH OF BROOKLYN,

## February 1916.

### THE PEOPLE v. JOHN BOWIE.

(1.) PENAL LAW, SEC. 665, SUB. 4.

> The verbal demand of an attorney acting in presence of a stockholder requesting an inspection of the stockbook of a corporation is sufficient, and refusal to allow such inspection is a wilful violation of Sub. 4, Sec. 665, Penal Law.

Before Hons. JAMES J. McINERNEY, P. J.; GEORGE J. O'KEEFE and JOHN J. FRESCHI, JJ.

*Edward W. Cooper, Assistant District Attorney,* for the People.

*Weinberg Brothers* for the defendant.

FRESCHI, J.:

The defendant is charged with a violation of subdivision 4 of section 665 of the Penal Law in willfully refusing to allow one Edward S. Anderson, a stockholder of the Candler Realty Company, to inspect the stockbook of that corporation on August 31, 1915.

The testimony shows that the said Anderson was a stockholder of record of the said corporation and that on August 26, 1915, Anderson, in company with his attorney, named Grover M. Moscovitz, called upon the said John Bowie at the office of the company; and that on that occasion and in Anderson's presence Moscovitz demanded an inspection of the stockbook, to which request the defendant made no answer on the advice of his counsel, who was also present; that subsequently, on

August 31, 1915, one Edward J. Reilly, on behalf of Anderson and in his presence, served upon the said Bowie as secretary and treasurer of the aforesaid company a written demand signed by Anderson for an examination of its stockbook. On the following morning Anderson received a letter advising him that he could examine said book; but it appears that the letter was received after Anderson had initiated these proceedings, although the letter was mailed the previous night.

The defendant urges that the verbal demand made by Anderson's counsel on August 26 was insufficient on which to base this prosecution under the statute.

Section 665 of the Penal Law, so far as it affects this action, reads as follows:

" Section 665.  Misconduct of directors, officers, agents and employees of corporations.  A director, officer, agent or employee of any corporation or joint stock association who (1) *  *  *  (2)  *  *  *;  (3)  *  *  *; (4) having the custody or control of its books, willfully refuses or neglects to make any proper entry in the stockbook of such corporation as required by law, or to exhibit or allow the same to be inspected and extracts taken therefrom, * * * is guilty of a misdemeanor.

Section 32 of the Stock Corporation Law, which reads, in part, as follows:

" Section 32.  Books to be kept.  The stockbook of every such (stock) corporation shall be open daily during at least three business hours for the inspection of its stockholders and judgment creditors, who may make extracts therefrom," fixes the absolute rights of a stockholder (see Matter of Steinway, 159 N. Y., 250; People ex rel. Gunst v. Goldstein, 37 App. Div., 550).

It has been held that where a stockholder presents himself at the office of the company for an inspection of the stockbook, the fact that his attorney is present affords no reason why he

should not have his inspection (Clason v. Nassau Ferry Co., 86 Hun. 128; Kelsey v. Pfandler P. F. Co., 41 Hun, 20).

The defendant relies upon the authority of the People *ex rel.* McDonald v. U. S. Mercantile Rep. Co. (20 Abb. N. C., p. 192). There it was held that a demand made by the attorney of record in an action of a stockholder for an inspection by him, in the absence of any specific authorization from such stockholder to make such demand for the inspection, was not a sufficient demand on which to base an application for a mandamus on the defendant company, whose officers have refused such inspection to the attorney. The rule in that case does not apply, because in the case at bar the stockholder was present in person when his attorney made the first demand, and it seems to me that Anderson's conduct in the premises justifies the conclusion that he ratified the acts of his attorney, and, under the circumstances, I am of the opinion that such demand by the attorney for Anderson, acting in his presence, was equivalent to a personal demand by him (see also Levy v. Cohen, 18 N. Y. Supp., 155).

Did the defendant willfully refuse to allow Anderson to make the inspection at that time?

It is true that there were no spoken words by the defendant from which to spell a refusal, but sometimes actions speaks louder than words. He adopted the advice of his counsel and the stockbook was not shown to Anderson. This, in my judgment makes defendant's act a voluntary act. I regard it as an intentional act by reason of Bowie's knowledge, actual or presumptive, of Anderson's right to inspect the stockbook and to get the names of the stockholders from it. Bowie's refusal, or what is tantamount to a refusal, deprived Anderson of his legal rights in the matter, and therefore it worked a wrong in his case. I believe that it was even more than this. Anderson wished to ascertain if his wife, against whom he had instituted a divorce action and in which Bowie was named as corespon-

dent, was or was not a stockholder.   From Bowie's conduct I should assume that he divined Anderson's purpose and hence the refusal, thereby delaying Anderson in the enjoyment of a right, and not until the second demand was made, five days later, did the defendant see fit to notify Anderson that he might have access to this book.   Delay frequently works an injury, especially in cases where a stockholder calls for an immediate inspection of the books of a corporation.   Bowie's line of action throughout was dilatory.   His purposes are obvious to me. There was something more than the mere voluntary act with an innocent mind.

A willful act is one done by a person of his own mind and with a purpose of doing another some wrong, either by an act of omission or of commission.   Here the defendant, by failing to perform the duty imposed upon him by statute, worked an injury to a stockholder by depriving him of an absolute legal right.

On the whole case I think that the facts appearing in the testimony against the defendant bring his conduct within the spirit and letter of the law, and particularly within the interpretation of the word " willful " as Mr. Justice Andrews defined it in Nass v. Stephens (128 N. Y. 123, 128) and as followed in Hewitt v. Newburger (141 N. Y., 538, 543).

I therefore vote to find the defendant guilty, as charged.

Justice O'KEEFE votes to find defendant guilty; Justice McINERNEY dissents.