[Civ. No. 11374. First Appellate District, Division Two.—March 15, 1940.]

A. O. DANDINI et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Leo Friedman for Petitioners.

Johnson & Harmon for Respondent.

NOURSE, P. J.—Petitioners seek a writ of *certiorari* to review an order adjudging them guilty of contempt for their failure to comply with the terms of a writ of mandate.

Lillian Dandini, who is a director, but not a shareholder, of the Remillard-Dandini Co., procured a writ of mandate to compel the petitioners herein, as officers and directors of that company, to permit her to inspect the corporation's books. Mrs. Dandini appeared at the offices of the company with an attorney at law and an accountant whom she directed to make an examination and take an accounting of the ledger of the corporation and supporting documents. The petitioners herein refused to permit the attorney and the accountant to inspect these books and documents, but did not refuse to permit Mrs. Dandini to do so. The contempt proceedings rest squarely upon the refusal of these petitioners to permit such inspection.

In this proceeding in *certiorari* petitioners rest their case on two grounds—that the statute does not give a director the right demanded by Mrs. Dandini, and that hence the court was without power to direct petitioners to accord such privilege to her; and, second, that the alterations made by the court in the writ of mandate disclose that it was not intended to impose that obligation on the petitioners.

The statutory provisions pertinent to the controversy are found in sections 355 and 356 of the Civil Code. These sections as they now read were both adopted by amendment and revision at the legislative session of 1933. (Stats. 1933, p. 1388.) The former deals with the rights of a shareholder to inspect the books of a corporation and directs that certain specified corporate books and documents "shall be open to inspection upon the written demand of any . . . shareholder . . . , and for a purpose reasonably related to his interests as a shareholder. . . . Such inspection may be made in person or by agent or attorney, and includes the right to make extracts. . . . " Section 356 deals with the right of a director only and declares that: "Every director shall have the absolute right at any reasonable time to inspect all books, records, documents of every kind and the physical properties of the corporation. . . . " Briefly, the position of the petitioners is that the rights mentioned in section 356 are personal to the director and may be exercised by him alone. The respondent, appearing through counsel for Mrs. Dandini, argues that these rights may be delegated by the director to his attorney or other agent the same as under section 355.

The parties agree that there are no authorities directly covering the question involved, and our interpretation of the statutes must therefore be based upon first impressions. It is our view from reading the sections together as one statute, that the legislature intended to confer upon the shareholder the privilege to delegate to an agent or attorney his right of inspection, but that it did not give this power of delegation to a director who was not a shareholder. We are also of the view that such a director has the right to summon such assistance as may be reasonably necessary to make his right of inspection effective. Thus we would not be inclined to go the whole way with either party to the controversy, but would take a middle course—that, since the shareholder's right of inspection "by agent or attorney" under section 355 is not repeated in section 356, the legislative intention was to confine the director's right to the individual director in the case of any director who is not also a shareholder. But, since the director's right is made "absolute" and not limited to the books and documents specified in section 355, there is indicated the further intent in section 356 to put every director on a parity, but no reason is suggested why he should be permitted to open the books of the corporation to an attorney employed by him. There are many sound reasons why the rights conferred by section 356 on a director should not be delegated to an agent or attorney. The first suggesting itself is the customary effort of the minority director to cause trouble and litigation and stir up friction with the majority. In conferring the right to delegate upon the shareholder, section 355 takes particular pains to prevent misuse of the privilege—the books which may be inspected are specified, and the right is limited to "a purpose reasonably related to his interests as a shareholder". This limitation is always subject to judicial review to determine whether a lawful purpose exists, the right being denied the shareholder when it appears he is merely on a "fishing expedition".

If the director must summon assistance in order to enjoy the right given, and this is denied him by the corporation, and if this is a "refusal of a lawful demand for inspection", then under section 357 of the Civil Code, the superior court may enforce such right "with just and proper conditions, or may appoint one or more competent inspectors or

accountants to audit the books and records''. This section was enacted at the same time in the same legislative session as sections 355 and 356. It discloses a clear intention on the part of the legislature to make the earlier sections effective, but at the same time, to repose in the superior court the power to insure that the privilege will not be abused. Acting under section 357 the respondent court issued its order for a writ of mandate which we copy in full showing the deletions which were made by the respondent court before signing:

''Upon reading and filing the verified petition for a writ of mandate filed herein, and good cause appearing therefor,

''IT IS ORDERED that an ~~alternative~~ writ of mandate be issued herein directed to the defendants A. O. Dandini, George P. Tobin, Pietro Caneli, Carlo Costa and Remillard-Dandini Company, a corporation, and requiring that they permit the petitioner, Lillian Remillard Dandini ~~and her accountants, Messrs. Timpson, Mayhew and Brissman,~~ to inspect all books, records, documents of every kind ~~and the physical properties~~ of the Remillard-Dandini Company, and to make extracts therefrom and to complete an audit thereof, and to that end, requiring said defendants to produce to said petitioner ~~and~~

all
~~her accountants~~ at ~~any~~ reasonable time such books, records and documents, ~~or that in lieu thereof the defendants be required to show cause before this court why they have not so done, and why this court should not appoint one or more competent accountants to audit said company's books and records and to investigate its properties, funds and affairs, and to report thereon as the court might direct and why this should not be done at the expense of Remillard-Dandini Company.~~

October
''Dated this 4 day of ~~September,~~ 1939.

''T. W. HARRIS

''Judge of the Superior Court''

The only reasonable inference to be drawn from the foregoing order as modified by the respondent court is that it was not designed to add to the privileges given a director by section 356 and that the director's right of inspection was not enlarged by the writ of mandate to include an independent

inspection by her attorney or accountant. Further, it is apparent that the order does not purport to give the director the right to have her attorney inspect these books, if indeed such right could be enforced under the code sections, and the references to the accountants were expressly deleted. by the court. Since the parties do not dispute that the director's demand included inspection by such agents individually the petitioners herein, as officers of the corporation, were fully justified in denying such "delegated" inspection. There is no basis for the charge of contempt and no proof that a contempt was committed.

The order is annulled.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1940. Carter, J., voted for a hearing.