THE STATE OF DELAWARE, upon the relation of Abner Faison Dixon, v. MISSOURI-KANSAS PIPE LINE COMPANY, a corporation of the State of Delaware.

424

*(January 24, 1944.)*

RODNEY and SPEAKMAN, J. J., sitting.

*Edwin D. Steel, Jr.,* for Relator.

*C. Stewart Lynch* for Defendant.

Superior Court for New Castle County, No. 148, November Term, 1943.

Rodney, J., delivering the opinion of the Court:

We shall attempt to answer the questions presented in the order we have adopted.

1. Can a Board of Directors of a Delaware Corporation require one of its members to state his reasons for examination of books and records?

Unfortunately, there are no decisions in this State considering the right of inspection of books by a Director of a corporation. There are, however, a number of cases dealing with the right of inspection by stockholders, and between the two classes there exists such an analogy as to make the consideration of these latter cases have pertinency. While the relative rights of inspection by stockholders and Directors may be somewhat different, and these rights be based upon different principles, yet there is much in common between them. The real basis of the right of stockholders to inspect books is the right of ownership of corporate property held by such stockholder through the medium of his ownership of shares: the right of a Director to examine books grows out of the fact that he is a representative of all the stockholders and, in a sense, a managing partner of the corporation. 2 *Machen on Corp., Sec.* 1101. Every administrative employee of the company is an agent of the Directors, and it is such Director's right and, perhaps, his duty to satis-

fy himself of the correctness of corporate procedure and to familiarize himself with the company's affairs. The rights of a stockholder to examine books is often called a qualified right, while the right of a Director is usually termed an absolute one. A stockholder in his examination of books represents himself alone; a Director represents not only himself as a Director or Trustee, but the interests of all stockholders of the company. The question can then be asked as to whether a Board of Directors may require a stockholder to state his reasons for examination of such books as a stockholder may examine. The answer, we think, must be in the negative. In a petition for mandamus filed by a stockholder to enforce a right to examine a stock ledger it is only necessary to allege the ownership of shares, a request for examination and a refusal of such request. The petitioning stockholder need not set up the legality and nature of the purpose of examination. Impropriety of purpose is a matter to be set up in corporate answer to the petition, and the burden of the Respondent, and cannot be raised on a motion to dismiss the petition for Mandamus. *Insurance Shares Corporation v. Kirchner*, 1 *Terry.* (40 *Del.*) 105, 5 A. 2d 519, 521. If a stockholder need not affirmatively allege in a petition for Mandamus the purpose of a desired examination, then surely he need not allege his purpose in his original request to the corporation itself, and thus subject himself to the examination and cross-examination of the corporate officials.

■ We think a Director need not state to his fellow Directors the reason for a desired examination by him of the corporate records, and that such fellow Directors cannot require such reasons.

■ 2. We think the Relator's petition, with exhibits filed therewith, were sufficient to show a refusal of the requested examination. The request was explicit. The answer of the company clearly showed that it intended not to grant the requested examination until the Relator, a Di-

rector, appeared at a Director's meeting and personally explained the reasons impelling the Relator to make the request. This we think they had no legal right to do. The plainest indication is that the request would not be granted until the Relator subjected himself to the examination of the other Directors. This we think was equivalent to a refusal without such personal explanation by the Director.

3. We see no objection to the present petition from the standpoint of pleading.

4. We now come to the last contention of the defendant in its motion to dismiss the petition and, indeed, the one chiefly relied upon at the argument. The defendant company concedes that a stockholder having the right to examine certain corporate books may avail himse'f of assistance in such examination, so as to make such examination effective. This assistance may be furnished by attorney, accountant or other agency as may be requisite. It concedes that this examination may be made by the properly accredited and responsible agents of the stockholder without the personal attendance of the stockholder. It concedes that a Director has a right to examine the books of the company, and for this purpose may have the assistance of other persons. It insists, however, that when the Director avails himself of assistance in such examination that the Director must be personally present at all times of the investigation. It is this narrow question then that we must now consider. To sustain its contention the defendant cites two cases, *Dandini v. Superior Court,* 38 *Cal. App.* 2d 32, 100 P. 2d 535, and *People ex rel. Bartels v. Borgstede,* 169 *App. Div.* 421, 155 *N. Y. S.* 322.

Any language of the first cited case as bearing out the contention of the defendant may, we think, be readily classified as mere dicta. In that case, a Judge by his order had given a limited and restricted right to a Director to examine books: he had carefully stricken out the right of the Director

to act through agents. The cited case was one of contempt and the Court held that because the original order was limited in its nature, no contempt had been committed, and its language in sustaining the Court in its reasons for making the order of a limited nature had nothing to do with the existence of such contempt.

In *People ex rel. Bartels v. Borgstede,* 169 *App. Div.* 421, 155 *N. Y. S.* 322, 323, the Court conceded that a stockholder, with whom rested a right but no duty, could examine certain corporate records, and for that purpose could appoint an agent: it conceded that the right of a Director to examine the corporate books was unquestioned, and that an attorney or accountant might aid such Director. The Court, however, said that the Director upon whom was placed a right and upon whom was impliedly cast a duty to acquire a knowledge of company affairs must himself make "the search through the corporate books." The Court impliedly holds that the Director must be personally present and, perhaps, join in the actual search for information.

With this conclusion we are not in accord.

To a stockholder, as we have seen, is given, under ordinary circumstances, a right of examination of certain books of a corporation in which said stockholder has an interest. This right may be exercised or not as the stockholder sees fit. To a Director of the company is given a somewhat similar right of examination, but in view of his position there may be cast upon him the duty of making such examination if it be necessary to give him the proper knowledge of the affairs of the company. Both rights of examination carry with them the means of making the examination effective, viz., the right to avail themselves of the requisite assistance in order to ascertain the desired facts. Indeed, this right must operate more strongly in favor of one who acts as a Director or Trustee for others, and upon whom may be cast individual responsibility and personal liability. We think

that, at least, those same rights which exist in a stockholder concerning the books or records which may be subject to his examination exist also in a Director concerning those books or records as to which he has the right of examination.

What reason can exist to require the personal presence of a Director at an examination to which he may contribute nothing whatever? That "reason is the soul of the law" has ever been a maxim adopted by the Courts and its continuance, as such, has become a chief objective of judicial effort.

There is no question of any delegation of authority or duty resting upon the Director. That authority and duty still remain. There is merely the employment of assistance in acquiring the information requisite in one in a position of trust and responsibility. Our Courts in recent years have seen the directorate of a corporation include those of a foreign nation without any ability to speak or read the English language and to whom, without assistance the corporate books would have no meaning. We have seen a Director totally unable to see. Any requirement that these Directors be personally present at any examination of corporate books or records would, we think, be wholly devoid of reason.

From the nature of the present proceeding, being a motion to dismiss the petition, we have not considered the exact nature of a Director's right to examine books, nor any limitation thereon, for such matters can more properly be considered when an answer, if any, be filed.

The conclusions herein reached are supported in reasoning by the text and cases cited in 5 *Fletcher on Corporations* (*Perm. Ed.*) *Sec.* 2235; 2 *Cook on Corporations, Sec.* 511; 2 *Thompson on Corporations* (3d *Ed.*) *Sec.* 1282; 6 *Thompson on Corp., Sec.* 4530; 2 *Machen on Corp., Sec.* 1101; *Annotations in* 22 *A. L. R.* 59; 80 *A. L. R.* 1510.

The present motion to dismiss the petition must be denied.