Owen McGivern, J.
Petitioner, a director of the respondent association, has applied for a final order in the nature of a mandamus, directing the respondents to permit the petitioner and her accountant and attorney to make an inspection of all corporate books, books of account, and monthly and yearly audits; and further, petitioner seeks access to all parts of the respondent association’s office and records, allegedly in furtherance of petitioner’s duties as a director of the respondent association.
The proper performance of petitioner’s duties as a director, absent any demonstration of claimed ulterior purpose to the adverse interest of the corporation, seems to require that she be permitted to inspect all such books and records and have *38 proper access to all offices of the corporation for the procural of information pertinent to the affairs of the corporation. The declaration by the individual respondent of petitioner’s animosity towards the individual respondent and certain other directors in control of the corporation is insufficient proof of an interest by petitioner adverse to the corporation so as to warrant barring her from her absolute right of personal access and inspection.
The petitioner’s right of personal access and inspection of records and transactions does not extend however to her personal attorney and accountant in the ordinary course of events. The majority of the directors, by appropriate resolution, have designated that officers alone are empowered, in the normal course of the corporation’s business, to choose the accountants or lawyers who are to render service or advice with respect to the corporation’s activities. If the right of each individual director to appropriate information were to normally include the right to select and appoint personal accountants and attorneys to examine and inspect the corporate records and transactions, the business of the corporation would be improperly impeded.
The right of an individual director to have the assistance of an attorney or accountant in inspecting and examining corporate records and transactions arises only where there is advanced some proof of claimed misconduct, mismanagement, or unlawful conduct by others in control of the corporation to the detriment of the best interests of the corporation. The petitioner in paragraph 7 of her petition alleges upon information and belief, that “ the respondent, Frank Simon, and other members of the Board of Directors under his domination and control and in unlawful conspiracy with him and each other, have perpetrated unlawful acts to the detriment of said Association and its members, and for their own personal enrichment, and that proof thereof lies in the books and records of said Association, access to which has been denied petitioner.” Petitioner alleges no fact or facts in support of this allegation.
One, Murray Weiss, an attorney associated with the attorney for the petitioner, has submitted an affidavit in support of petitioner’s application stating, ‘‘ Deponent has been informed of at least five separate unlawful practices containing numerous counts engaged in by the respondent, Frank Simon, and several other directors which have been carefully concealed not only from the auditing authorities but from some of their fellow directors as well.” The deponent does not allege the source *39 of Ms information. The nature and character of the alleged unlawful practices is not disclosed. Again, no facts are asserted to warrant even speculation, let alone an issue, pertaining to possible misconduct of or mismanagement of the corporate business. Under the circumstances, no triable issue has been raised so as to warrant a trial or reference of issues, preliminary to the making of a final order herein, pertaining to the right of petitioner to have her personal attorney and accountant present upon the requested examination of the books and records of the corporation.
Accordingly, the petitioner will be permitted to have access to all parts of the respondent association’s office and records, in furtherance of petitioner’s duties as a director of the respondent association. The petitioner will also be permitted to personally make copies of all corporate books, all books of account, and monthly and yearly audits. A final order to such effect will be made. Application is otherwise denied, with leave to renew upon the making of an adequate showing. Settle order.