Mario Pittoni, J.
This is the third time this matter has come before me. On April 19, 1960 I granted the petitioner’s request for a discovery and inspection, but limited it to him personally. On May 23,1960 I granted reargument and adhered to my original decision, with the qualification that if petitioner was able to attend and comprehend the discovery and inspection he might be assisted by an accountant and a stenographer.
The petitioner now seeks to modify the previous orders to eliminate the requirement that the petitioner attend personally. A corporate director in exercising his right of inspection cannot delegate this right to others (People ex rel. Bartels v. Borgstede, 169 App. Div. 421 [2d Dept.]). Therefore, the application must be denied. The fact that the petitioner is in jail awaiting trial on a felony charge is insufficient to warrant a variance from the general rule. If the petitioner is convicted he may reapply; or if someone is appointed to handle his affairs, the court may entertain a reapplication for such relief as may be necessary and proper to protect the petitioner’s interest in the corporation. Motion denied, with $10 costs.