Gr. Robert Witmer, J.
This is an application by James D. Bero, Sr., petitioner as vice-president and director of Bero Construction Corporation, for an order requiring such corporation and its other officers, respondents, to permit petitioner and his auditor attorney to inspect the books of the corporation. Respondents readily concede that petitioner is entitled to examine all the books of the corporation at his pleasure; and they go further and concede that he may make such examination through his auditor attorney, Mr. Max Furman, which petitioner requests. (See People ex rel. Bartels v. Borgstede, 169 App. Div. 421; cf. Matter of Pacent v. Fourth Fed. Sav. & Loan Assn., 9 Misc 2d 37.) The only dispute between the parties is whether or not petitioner must be present when his auditor attorney examines the books in petitioner’s behalf. It appears that said Max Furman is a certified public accountant as well as an attorney at law, and that petitioner is not well versed in reading and interpreting corporate books of account.
It is claimed that there is no hostility between petitioner on the one hand and the corporation g,nd its other officers on the other; and it is not suggested that the proposed examination *454 is inimical to the interests of the corporation. (See Matter of Davis v. Keilsohn Offset Co., 273 App. Div. 695; People ex rel. Poleti v. Poleti, Coda & Rebecchi, 193 App. Div. 738.)
“ (T)he relator, as a director, is entitled to make the examination for himself, or with the aid of a competent and proper person employed by him and approved by the court. ’ ’ (People ex rel. McInnes v. Columbia Bag Co., 103 App. Div. 208, 210.) “ While a director may properly use professional aid to familiarize himself with the accounts, still it is the director, as a corporate official, who himself makes the search through the corporate books. In eases like that at bar, his responsibility cannot be left wholly to a firm of accountants.” (People ex rel. Bartels v. Borgstede, 169 App. Div. 421, 423, supra.) “ (U)pon such an inspection the petitioner may have the assistance of an accountant designated by him. An examination would in many cases be valueless unless the applicant were allowed the presence of an accountant.” (Matter of Davis v. Keilsohn Offset Co., supra, p. 697; see 3 White, New York Corporations, § 91.2, p. 266.)
No New York ease has been cited, nor has the court found one, in which it has been held that a director has the right to have his attorney or auditor examine the corporate books at length in his absence. Such right was granted in State ex rel. Dixon v. Missouri-Kansas Pipe Line Co. (3 Terry [42 Del.] 423) wherein the court said (p. 431): “ What reason can exist to require the personal presence of a Director at an examination to which he may contribute nothing whatever ? ” The court therein referred to instances of foreign directors who are unable to read English, and to blind directors. The need for the director to be present during the progress of the examination made in his behalf has been decried (27 Univ. of Cinn. L. Rev., 116 [1958]).
It seems to this court that the presence of the director from time to time may be of value in keeping the examination within due bounds, in assuring the corporation that the examination is proceeding as requested by the director and in avoiding disruption of the corporation’s business office. There should be a middle course wherein the director’s influence may be exerted and yet his constant presence would not be required.
I hold that petitioner has the right to examine respondent corporation’s books through his attorney auditor in petitioner’s absence. As a matter of discretion, petitioner is granted such right to inspect and examine and, if desired, to copy from said corporate books during a period of four weeks from the date of due service of an order hereon (see People ex rel. McInnes v. Columbia Bag Co., 103 App. Div. 208, 210, supra), provided that petitioner shall appear at the office of respondent corpora *455 tion where such inspection and examination takes place, for consultation with his auditor for at least one-half hour each day that such books are so examined. If it shall appear that petitioner needs more time to complete his examination of said books, an application for an extension of time may be made to the court upon five days’ notice to the attorney for respondents.