■ In the Matter of MORRIS WACHMAN, Respondent, v. ARTISTIC LEATHER GOODS MFG. CORP. et al., Appellants.— In a proceeding by a corporate director, pursuant to article 78 of the CPLR, to direct the corporation and its vice-president (David Weisglass) to submit its books and records for inspection, the corporation and its said officer appeal: (1) from a judgment of the Supreme

Court, Kings County, entered September 18, 1964, which granted the right to such inspection to the petitioner "or his duly authorized agents" and denied appellants' cross motion to dismiss the petition for legal insufficiency; and (2) from an order of said court, made October 5, 1964 on reargument and resettlement, which amended the judgment so as to provide that the right to such inspection be granted to the petitioner "and/or his attorneys and accountant" and that "the data so obtained * * * [shall be] employed only for the information of petitioner." Appeal from original judgment dismissed, without costs. That judgment was superseded by the order granting appellants' motion for reargument and resettlement. Order of October 5, 1964 modified on the law by directing that the inspection as granted shall be had and shall proceed only on condition that the petitioner personally shall be present with his attorneys and his accountant (or either of them) for at least one hour of each day during which the inspection may continue. As so modified, the order is affirmed, without costs. The findings of fact implicit in the decision of the court below are affirmed. The inspection of the corporation's books and records directed by the order as here modified shall proceed on 10 days' written notice at the place and hours specified in such order or at such other time and place as the parties may mutually fix by written stipulation. There is no authority in this State permitting a corporate director to delegate wholly to his agents his personal right to inspect the corporation's books (*People ex rel. Bartels* v. *Borgstede,* 169 App. Div. 421; see, also, *Matter of Pugach* [*Kaufman*], 23 Misc 2d 989; *Matter of Bero* v. *Bero Constr. Corp.,* 36 Misc 2d 453). While circumstances may excuse a director's presence continuously during the inspection, there must be some actual supervision and personal involvement by him; otherwise the responsibility which is uniquely his becomes illusory. His presence, during at least part of the time, aids in delimiting the inspection; assures the corporation that the inspection is proceeding as the director himself desires; and avoids to some extent the disruption of corporate business encountered by the conduct of total outsiders. Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., dissents from the modification and votes to affirm *in toto* the order of October 5, 1964, but concurs in dismissal of the appeal from the original judgment.