## The People on relation of Ebenezer Bishop v. Frederick Walker.

In the absence of statutory provisions, to entitle a corporator to a mandamus to compel the custodian of the corporate records and documents to allow him an inspection of them, he must show that he has made a proper demand for such inspection, at a proper time and place, and for a proper reason. The writ will not be granted to enable a corporator to gratify idle curiosity.

Where, therefore, a corporator demanded of the secretary of the corporation an inspection of its books, records and papers, and the demand was not shown to have been made at the office of the corporation, and no excuse was given for not making it there; and on the request being refused, a mandamus was applied for to compel such inspection on the ground that the corporator had a desire "to ascertain the rights, duties, privileges and liabilities, and for the protection" of the corporator, the writ was refused.

*Heard May 1st. Decided November 6th.*

Motion for a mandamus, based upon the following affidavit:

"State of Michigan: County of Oakland, ss. Ebenezer

Bishop, of the township of Munday, in the county of Genesee, in the said State, being duly sworn, deposes and says, that the Flint and Fentonville Plank Road Company is an existing corporation, and which was formed and organized under and by virtue of an act of the Legislature of the State of Michigan, entitled "An Act to incorporate the Flint and Fentonville Plank Road Company," approved April 3, 1848, and which company was established under and by virtue of said act, and now maintain a plank road from Flint to Fentonville, in said county of Genesee, a distance of some fifteen miles. The said deponent further says, that he is now and has been for more than five years last past, a stockholder in said company, and now holds and has ever since the first day of February last past, held one hundred and thirty-eight shares of the said stock, and which will appear as he verily believes by an inspection of the books, records and papers of said company. He further says, that Frederick Walker, of the town of Mt. Morris, in said county of Genesee, is or pretends to be a stockholder in said company, and that the said Walker claims to be and acts as the 'secretary of the said company, and that the said Walker has in his possession and control the stock book, the records and proceedings of the stockholders, as well as of the directors of said company, and the books and papers belonging to the office of the secretary of said company, and that he does now and has held and controlled the same ever since the fourth day of February last past, and that said deponent as such stockholder has a desire to examine, inspect and have access to said books, records and papers, to ascertain the condition of said company, as well as to ascertain and determine the rights, duties, privileges and liabilities, and for the protection of this deponent as such stockholder, and that he has since the said fourth day of February last past, applied to said Walker for the privilege of seeing and of having access to them,

and received for answer that he, said Walker, would not let this deponent, or any other person in his behalf, see them, until he was obliged to do so; or words to that effect; and that said Walker having in his possession the said books and papers, and claiming and pretending to be the Secretary of the said company, absolutely refuses to permit this deponent to inspect, examine or have access to the same, although said Walker well knows that this deponent is a stockholder in said company. And that the said deponent claims that, as a stockholder of said company, he is entitled of right to have access to and inspect the said stock book, and the records and proceedings of the stockholders of said company, as well as of the directors thereof, and that the privilege of so doing is denied to him by the said Walker.     EBENEZER BISHOP.

Sworn and subscribed to, before me, on this 15th of April, 1861.     DANIEL T. PIERCE, *Notary Public.*"

*M. E. Crofoot,* for the motion.

*M. Wisner,* contra.

MARTIN CH. J.:

While in the absence of any statutory provision to that effect, a corporator may, at the common law, have a mandamus to compel the *custos* of corporate records and documents to allow him an inspection of them, yet to entitle himself to the aid of the court, he must show that he has made a proper demand upon the *custos*, at a proper time and place, and for a proper reason, and has been refused. I have examined all the cases to which we have been referred, and can find none where the writ was granted to enable a corporator to gratify idle curiosity. The principle seems to be, and very properly too, that the party asking the writ must have some interest at stake which renders the inspection necessary.

No such case is made by this relator; nor has he any remedy under the statute (*Comp. L.* § 1915) which provides that plank road companies shall keep a stock book, which shall be open at the office of the corporation during business hours, for the inspection of all persons—for he makes no case under it. He asks for an inspection of all the books, records and papers of the company; which is a demand not within the statute; and he shows no demand made at the office of the company in business hours for inspection of its books, nor does he give any excuse or reason why such demand was not or could not be made. Had he the statutory right to make the broad demand which was made in this case, he has not made it under circumstances which entitle him to the remedy asked.

The writ is refused.

MANNING and CAMPBELL JJ. concurred.

CHRISTIANCY J.:

I concur in the result at which my brethren have arrived, but upon the single ground that the relator has not shown that he made his application at the office during proper business hours, nor any reason why it was not made there, or why he was under any necessity of making it elsewhere.

The relator appears to have been a large stockholder in the company, and has sworn that he desired " to inspect and have access to the books, records and papers, to ascertain the condition of said company, as well as to ascertain and determine his rights, duties, privileges and liabilities as such stockholder;" and had the application been made at the proper time and place, I am not prepared to say it could be treated as if made to " gratify an idle curiosity." But as the point is not necessary to the disposition of the case, I do not deem it necessary to give a definite opinion upon it.