## LEACH v. DAVY.

1. MANDAMUS—CORPORATIONS—RIGHTS OF DIRECTORS.

    Mandamus is the proper remedy for compelling a corporation to allow a director to inspect the books and papers of the corporation.

2. CORPORATIONS.

    As a general rule, the director of a corporation has the right, by reason of his relation to the corporation, to at any time inspect the books and papers of the corporation.

3. CERTIORARI—SCOPE OF REVIEW.

    In certiorari proceedings questions of law are involved, and the judgment of the Supreme Court generally affirms or disaffirms the judgment reviewed.

4. CORPORATIONS — RIGHTS OF DIRECTORS—CHANGED CONDITIONS— MANDAMUS.

    A writ of mandamus will not issue to require a corporation to allow a director to inspect corporate books and papers where the director's term of office has expired pending the appeal and he has not been re-elected, if he claims the right of inspection only in such capacity and not as a stockholder.[1]

5. SAME.

    Where a director was refused access to corporate books and papers for purpose of inspection, and sought to compel the corporation to grant him the right by mandamus, and certiorari was brought by the corporation to review an order for a writ of mandamus in plaintiff's favor, but the office of the director had expired pending the appeal, and relief was sought by plaintiff in his official capacity as director and not as stockholder, the Supreme Court will remand the case with leave to apply to the circuit court for an order permitting amendment of the answer to the order to show cause why the writ of mandamus should not issue and for further proceedings.

[1] On the question of right of a stockholder of a corporation to inspect books of a corporation, see notes in 45 L. R. A. 446; 20 L. R. A. (N. S.) 185; 30 L. R. A. (N. S.) 291; 42 L. R. A. (N. S.) 332.

Certiorari to Osceola; Lamb, J., presiding. Submitted October 2, 1917. (Calendar No. 27,893.) Decided December 27, 1917.

Mandamus by Elmer Leach to compel Vernal R. Davy and another to produce certain corporate files for inspection. From an order granting the writ, defendants bring certiorari. On motion to remand for further hearing on account of changed conditions: Granted.

*Howard F. Withey,* for plaintiff.

*G. A. Wolf,* for defendants.

Relator set up in his petition for the writ of mandamus that he is a shareholder, director, and vice president of the American Logging Tool Company, a Michigan corporation, having its principal place of business at Evart, Mich., and that on March 6, 1917, he applied at the office of the company to respondents, the two officers of said corporation in Evart, having charge of the records and files of the corporation, for an inspection, which was denied, of certain correspondence between the said company and its officers and one William Latta, an agent and salesman of the company, traveling for the company upon its business. It is alleged, among other things:

"That during said Latta's absence or since his return, and as a direct or indirect result of his aforesaid trip, various orders have been received from old or new customers of said company by said company for the product of the aforesaid company. Petitioner shows, upon information and belief, that all the aforesaid communications between said Latta and the aforesaid corporation and all reports of the former's activities in the connection last aforesaid and all orders received as a result thereof are on file in the offices of said corporation at Evart, Mich., in the custody and under the control of the aforesaid William Latta

and the aforesaid Vernal R. Davy or in whole or in part, in the personal custody of the aforesaid Vernal R. Davy and the aforesaid William Latta."

It is further alleged that relator has had inquiries for and tentative offers to purchase his stock in said corporation, and that complete knowledge and information concerning the activities of the company are necessary to enable him to fix a price for said stock, and also to enable him to perform his duties as an officer of the corporation. An order to show cause having been made and served, respondents answered the petition of relator, setting up, among other things, that the business of said corporation is in charge of an executive committee, that a complete and comprehensive monthly statement of the affairs of the company is furnished to all directors, and that relator has all information necessary for the purposes stated in his petition. It is admitted that said Latta made a business trip for the company to sell its product (but not to develop new territory), and that various communications have been made by him and received by the company. It is admitted that relator made demand for the delivery to him of all correspondence of said Latta and the company, including all records, memoranda, and writings in the office of the company relating to the business of the company, and denied that relator is precluded from acquiring a just and adequate knowledge of the financial and business status of the company, from ascertaining the value of his (relator's) stock, or to enable him to act intelligently as a director. It is alleged that respondents offered to comply with the demands of relator except the demand for an inspection of the Latta correspondence. As a reason for refusing inspection of said correspondence, it is set out that relator has a personal interest hostile to the interests of the said company, which will be, or may be, served by an inspec-

tion of said correspondence, and that relator's purpose is to serve a rival concern of which he is president and to injure the American Logging Tool Company by obtaining information of the activities of said Latta. The assertion of relator's hostile purpose is sought to be sustained by recitals of other conduct of relator and of the said alleged rival concern and of statements made by relator and by an alleged history of the business relations of the Oshkosh Manufacturing Company, of which relator is president, and the American Logging Tool Company.

An amended answer was later filed, containing further recitals, principally history of the business relations of the two companies mentioned. Upon the petition and answer a hearing was had, and the writ of mandamus was ordered, the learned circuit judge stating, among other things, in deciding the matter, that:

"The question raised on the pleadings at the hearing and the sole question argued and submitted to the court is, in substance, whether or not the privilege of the vice president, who is also a director, to have access at all convenient times and seasons to the files, records, correspondence, etc., of said company is an absolute or a qualified one.

"The relator contends that such privilege is an absolute one. On the other hand, the respondents contend that it is but a qualified privilege, depending upon the motive and the circumstances surrounding the case.

"I have examined the authorities submitted by both parties, and am satisfied that, from the very nature of the situation of the relator, being both a director and vice president, the privilege claimed by him is an absolute one. If the respondents do not desire the files, records, etc., examined by Director Leach, their remedy lies in an appeal to the stockholders at the annual election of directors. If the relator uses his privilege for purposes hostile to the interests of the company, the company has its remedy at law."

A writ of certiorari having been sued out of this

court and return made thereto, respondents moved here for leave to amend the answer to the order to show cause and remand for further hearing. The new matter sought to be brought upon the record is, in substance, that since the hearing in the court below relator has entered actively into competition with the American Logging Tool Company in violation of contract relations, to the injury of the American Logging Tool Company, and, further, that since said hearing the term of relator as director and vice president of the said American Logging Tool Company expired, and he was not .re-elected, and is not a director of said company. This motion was regularly noticed for hearing, and it is not disputed that relator is not now a director of the American Logging Tool Company.

OSTRANDER, J. (*after stating the facts*). In the mandamus proceeding relator relies upon a common-law right, and, assuming the right exists and was violated, mandamus is the proper, if not the only, adequate remedy. The right to the remedy was in the court below, and is here, based upon the theory that a director of a private business corporation has an unqualified right to the inspection of the books and papers and correspondence of the corporation. And it is insisted for relator that the point should be decided upon the record made in the court below; at least, that relator's right to the writ when it was granted, and therefore to costs, ought to be determined. It is also contended that the answer to the order to show cause contains no direct, unequivocal allegation that relator's motive for securing the information he sought was to use it to the detriment and injury of the American Logging Tool Company, but that all averments in that behalf are conclusions, opinions, or inferences, or are based upon information and belief.

It is the general, perhaps the universal, rule, statutes and by-laws aside, that a director of a corporation has the right, by reason of his relation to the corporation, to at any time inspect the books and papers of the corporation. Whether this right may be affected by the motives of the director, may be denied him because his purposes are hostile to the corporation, is a question which has not been answered by the courts always in the same way. The absolute right of a director of a corporation to inspect its records, regardless of his motives, was affirmed in *People, ex rel. Muir*, v. *Throop*, 12 Wend. (N. Y.) 183. On the other hand, *Heminway* v. *Heminway*, 58 Conn. 443 (19 Atl. 766), seems to go upon a contrary doctrine. See, also, *People, ex rel. Leach*, v. *Central Fish Co.*, 117 App. Div. 77 (101 N. Y. Supp. 1108) ; compare *People, ex rel. Althause*, v. *Consolidated Mines Co.*, 122 App. Div. 617 (107 N. Y. Supp. 191) ; *Machen* v. *Electrical Manfg. Co.*, 237 Pa. 212 (85 Atl. 100, 42 L. R. A. [N. S.] 1079, Am. & Eng. Ann. Cas. 1914B, 420) ; 7 R. C. L. § 434.

The situation is peculiar. The court below directed respondents to submit documents to inspection by relator. The writ of certiorari superseded action. It is now asserted, and not denied—in the brief of relator it is admitted—that the fact upon which relator based his right, and on which judgment went for relator, does not now exist. In certiorari proceedings questions of law are involved, and the judgment of this court affirms or disaffirms the judgment reviewed. To affirm here means that the writ will issue, to disaffirm requires us to find the court below in error. And yet, whether the court was or was not in error, the writ, upon the facts now appearing, ought not to issue. Relator is not contending that as stockholder merely he has made a case requiring the issuing of the writ.

It is at least unusual to grant a motion to remand

a record for the purpose of incorporating therein matter which has come into existence since the hearing and to order a rehearing in the court below upon the amended pleadings. But, if in a special proceeding like this one it is made to appear that the foundation for an asserted and denied personal right no longer exists, why should recognition of the right be compelled by the writ of mandamus? To permit the issuance of the writ of mandamus by affirming the judgment when it is apparent that, if immediately applied for by the relator, it would be denied, is to do a foolish thing.

In the circumstances we grant the motion to remand with leave to apply to the circuit court for an order permitting amendment of the answer to the order to show cause for examination of the issue presented by the pleadings as amended, and for such further order and direction as to that court may seem proper.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.