### SLAY *v.* POLONIA PUBLISHING CO.

1. CORPORATIONS—RIGHT OF STOCKHOLDER TO EXAMINE BOOKS—GOOD FAITH PRESUMED.

> Under section 11, chap. 1, pt. 2, Act No. 84, Pub. Acts 1921, providing that stockholders shall have access to books and statements of corporation, it is to be assumed that stockholder requesting to examine books is acting in good faith to protect his own interest or that of corporation, and therefore his request need not be accompanied by statement of his purpose.

2. MANDAMUS—CORPORATIONS—MANDAMUS DISCRETIONARY WRIT.

> Although section 11, chap. 1, pt. 2, Act No. 84, Pub. Acts 1921, gives stockholder absolute right of access to corporation's books and statements, mandamus, which is discretionary writ, will not issue to enforce such right except for just cause and proper purpose.

3. SAME—WILL NOT ISSUE TO WORK INJUSTICE.

> Mandamus is the proper remedy of a stockholder to secure right given him to examine books and statements of corporation by section 11, chap. 1, pt. 2, Act No. 84, Pub. Acts 1921, but it is not a writ of right, and will not issue to compel an unlawful act, or to work an injustice.

---

As to right of stockholder to inspect books and records of corporation, see annotation in 45 L. R. A. 457; 22 A. L. R. 24; 43 A. L. R. 783.

4. SAME—STATEMENTS IN ANSWER TAKEN AS TRUE.

In mandamus to compel a corporation to submit its books to examination by a stockholder pursuant to section 11, chap. 1, pt. 2, Act No. 84, Pub. Acts 1921, statements in defendant's answer alleging that only one share of stock had been purchased by plaintiff, and that his purpose in examining the books was against the best interest of defendant and its stockholders, must be accepted as true, where plaintiff's counsel took the position that the purpose was immaterial and that the right was absolute unless it appeared that plaintiff was about to perpetrate a criminal act.

5. SAME—CORPORATIONS—MANDAMUS WILL NOT ISSUE TO AID ONE ACTUATED BY ULTERIOR AND IMPROPER MOTIVE.

Mandamus will not issue to compel a corporation to submit its books to inspection by a stockholder pursuant to section 11, chap. 1, pt. 2, Act No. 84, Pub. Acts 1921, where said inspection was not sought in good faith and for the protection of the interests of the corporation or of his own interest as a stockholder, but for an ulterior and improper motive and for a purpose entirely foreign to his status as a stockholder.

Certiorari to Wayne; Martin (William H.), J., presiding. Submitted February 11, 1930. (Calendar No. 34,230.) Decided March 6, 1930.

Mandamus by Louis C. Slay, stockholder, to compel officers of the Polonia Publishing Company to permit him to inspect and examine its books. Defendant reviews by certiorari order granting writ. Reversed.

*Dennis Boyle,* for plaintiff.

*Wilkinson, Lowther, Wilkinson & O'Connell,* for defendant.

SHARPE, J. Plaintiff, the owner of one share of stock in the defendant company, petitioned for mandamus to compel its officers to permit him to inspect and examine the books and statements of the corporation. Defendant seeks review by certiorari of the order of the trial court granting the writ,

Plaintiff's right thereto is based upon the following provision in section 11, chap. 1, pt. 2, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [50]):

"The books of every corporation containing its accounts shall be kept, and shall at all reasonable times be open in the city, village or town where such corporation is located, or at the office of the treasurer of such corporation within this State, for inspection by any of the stockholders of said corporation, and said stockholders shall have access to the books and statements of said corporation and shall have the right to examine the same in the said city, village or town or at said office."

Before its enactment, this court had held that, under the common law, a stockholder in a corporation had the right, in a proper case, and for a proper purpose, to inspect the corporate records. *Woodworth* v. *Old Second Natl. Bank,* 154 Mich. 459; *Eldred* v. *Elliott,* 161 Mich. 262. But such right was a qualified, and not an absolute, one. The duty devolved upon the stockholder to make it appear to the officers that he was actuated by motives that were lawful and proper, and that his purpose in securing the information was to subserve the interests of the corporation or his personal interest as a holder of corporate stock.

The provision in the statute above quoted contains no such limitation. This court must assume that the legislature was aware of the rights of the stockholder under the common law, and that its purpose in including this provision in the corporation act was to make some change therein. It cannot be said to be merely declaratory of the common law, for the reason that it omits the requirement in that law as to the duty devolving on the stockholder, as above stated, when making his request.

It is to be assumed that the request is made for a proper purpose; that the stockholder is acting in good faith and seeking thereby to protect his own interest or that of the corporation, and therefore his request therefor need not be accompanied by any statement of his purpose. The statute accords the right to him, and he is entitled to the privilege for the asking. See notes in 22 A. L. R. 24; 43 A. L. R. 783.

Thus far it may fairly be said there is substantial uniformity in the holdings of the courts. But when his request is denied, and he seeks mandatory relief, and the answer of the corporation sets up facts from which it appears that his purpose is not as above stated, but is inimical to the best interests of the corporation and its other stockholders, and these facts are conceded, or established by proofs, the authorities are much at variance as to the duty of the court to issue the writ.

The supreme court of Wisconsin (*State, ex rel. Dempsey*, v. *Werra Aluminum Foundry Co.*, 173 Wis. 651 [182 N. W. 354, 22 A. L. R. 1]) has held that the writ will issue as a matter of course, but intimates that the stockholder may be prevented from using the information thus secured for an unlawful purpose. In *Johnson* v. *Langdon*, 135 Cal. 624 (67 Pac. 1050, 87 Am. St. Rep. 156), the right of the stockholder is held to be absolute, and that he cannot "be met with the defense that his motives are improper." In *Wilson* v. *Mackinaw State Bank*, 217 Ill. App. 494, it was said that the right was absolute and did not depend upon any circumstance or condition except the ownership of stock. There are other decisions of similar import, although later cases in some of the same courts qualify the language used.

But the great weight of authority sustains the rule that, while the right given by the statute is absolute, mandamus is a discretionary writ, which will not be issued to enforce such right except for a just cause and a proper purpose. In *Guthrie* v. *Harkness,* 199 U. S. 148, 156 (26 Sup. Ct. 4, 4 Ann. Cas. 433), it was said:

"It does not follow that the courts will compel the inspection of the bank's books under all circumstances. In issuing the writ of mandamus the court will exercise a sound discretion and grant the right under proper safeguards to protect the interests of all concerned. The writ should not be granted for speculative purposes or to gratify idle curiosity or to aid a blackmailer, but it may not be denied to the stockholder who seeks the information for legitimate purposes."

In *State, ex rel. Theile,* v. *Cities Service Co.,* 31 Del. 514 (115 Atl. 773, 22 A. L. R. 8), the authorities are reviewed at length by Chancellor Wolcott, and the conclusion thus stated:

"Whether, in any particular case, the writ ought to be granted, will, of course, depend on the facts of each case. All that we now decide is that the statute does not confer a right so absolute and unqualified in its terms that the court may no longer exercise its sound discretion when mandamus is prayed for as an aid to the enjoyment of the right. It is still permissible under the statute for defenses to be made to the petition for the writ."

See, also, notes in 22 and 43 A. L. R., above referred to.

Mandamus is the proper remedy of a stockholder to secure such right. *Leach* v. *Davy,* 199 Mich. 378. It is "not a writ of right * * * and will not issue to compel an unlawful act, or to work an injustice."

*Johnson* v. *Board of Supervisors,* 202 Mich. 597, 600. The question présented, then, is this, Under the facts appearing in this record, was the plaintiff entitled to the writ?

The defendant in its answer to the order to show cause, verified by its vice-president and general manager, averred that the real owner of the share of stock assigned to plaintiff was one Louis Wojcik. The seventh paragraph thereof reads as follows:

"That as to the matters alleged in paragraph seven of said petition, this respondent says that one, Louis Wojcik, is, and has been for some time past, the principal owner and the editor of the Polish Daily News, the sole competitor of this respondent in publishing a Polish daily newspaper in the city of Detroit. That the said Louis Wojcik has interviewed numerous of the advertisers, whose advertisements appear in the issues of this respondent's paper, and falsely stated to them that this respondent did not have the circulation it claimed to have; that it was losing money and it would only be a matter of time when he, the said Louis Wojcik, would own this respondent or put it out of business; and that they, the advertisers, were foolish in wasting their time in advertising in respondent's paper, and made divers and false statements relative to this respondent corporation, to its paper, and to its business, and made threats to divers persons that he would ruin this respondent, and, as a part of his scheme so to do, this respondent shows that in the month of June or July in the year 1927, he induced one, Anthony Glowczewski, to buy one share of this respondent's capital stock, and to that end the said Anthony Glowczewski approached one, Dr. Lazowski, and purchased from the said Dr. Lazowski one share of stock, and that the consideration therefor was paid to the said Anthony Glowczewski by the said Louis Wojcik.

"This respondent further shows that the said Louis C. Slay, alleged petitioner herein, was and is

an employee of the said Louis Wojcik, and has been associated with him in business for some years in the Detroit Commerce Corporation and in other enterprises; and avers and charges the truth to be, that the said Louis C. Slay is merely a figurehead for the said Louis Wojcik, and that the said Louis Wojcik is desirous of obtaining the information sought by the said Louis C. Slay for the purpose of using the same against the best interests of this respondent and of the stockholders, and of distorting the information obtained thereby for the purpose of unfair competition with this respondent and with its business, and for the purpose of attempting to cripple this respondent and its stockholders, and that the information sought by this alleged petitioner is not sought in good faith, nor for the personal use of said petitioner, and that the furnishing of such information would be detrimental to the interests of all the stockholders of this respondent, but, as aforesaid, it is merely a blind to obtain such information to use in an unjust and unfair attempt to injure and damage this respondent and its stockholders.''

At the opening of the hearing, counsel for the defendant said:

''If the relator is willing to make it the sole issue, that is, that the motive for the obtainance of information is not relevant to the issue and that he has a right of inspection irrespective of motives or desires, then I am willing to proceed. If he is willing to admit that it does not make any difference what a man's motives are, but that he has a right to inspect the books irrespective of any ulterior or improper motives.''

After some discussion, he further said:

''Your proposition is that no matter how detrimental to the Polonia Publishing Company your desire may be, it is absolutely material (immaterial).''

To which counsel for the plaintiff replied:

"Absolute, unless it appears we are going to perpetrate a criminal act."

We must, therefore, accept the statements in the answer above quoted as expressive of the purpose of the plaintiff in seeking the inspection. It needs no analysis of the language used to conclude that such purpose was entirely foreign to his status as a stockholder; that the privilege of inspection by him was not sought in good faith for the protection of the interests of the corporation, or of his own interest as a stockholder; and that he was not entitled to the writ.

The order reviewed is reversed and set aside and the petition dismissed, with costs to appellant.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.