## GEORGE *v.* INTERNATIONAL BREWERIES, INC.

1. CORPORATIONS—STATUTES—INSPECTION OF STOCK RECORDS BY STOCKHOLDERS.

    Provision of general corporation act that books of account and stock books of a corporation shall be open to inspection of every shareholder holding of record 2% of the outstanding capital stock of the corporation and who shall have been a shareholder of record for at least 3 months prior thereto, for any proper purpose *held,* an explicit declaration of legislative intent from which the courts may not depart (CL 1948, § 450.45).

2. SAME—INSPECTION OF STOCK BOOKS—QUALIFICATIONS OF STOCK-HOLDER.

    A stockholder who had been a stockholder for over 3 months before making demand to inspect the stock books, and who owned 2% of the outstanding stock at the time of making such demand, although he had not owned that much for 3 months, *held,* entitled to make the inspection for a proper purpose (CL 1948, § 450.45).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 18 Am Jur 2d, Corporations § 178 *et seq.*
[3] 18 Am Jur 2d, Corporations § 188.
[4] 5 Am Jur 2d, Appeal and Error § 761 *et seq.*

3. Same—Inspection of Stock Books—Purpose—Preparation to Solicit Proxies.

> Inspection of corporate records by a stockholder for the purpose of preparing for solicitation of proxies is not an improper purpose (CL 1948, § 450.45).

4. Appeal and Error—Questions Reviewable—Declaratory Judgment—Action in New York—Mandamus—Inspection of Stock Books.

> Dismissal of declaratory judgment action to determine whether plaintiffs in Michigan mandamus action were entitled to inspection of the Michigan corporation's stock books under New York law, which dismissal followed trial court's order granting writ of mandamus rendered moot mandamus defendant's argument that circuit judge erred in not granting such defendant's motion for accelerated judgment of dismissal (GCR 1963, 116).

Appeal from Wayne; Kaufman (Charles), J. Submitted Division 1 March 16, 1965, at Detroit. (Docket No. 573.) Decided April 19, 1965.

Complaint by Charles George and Terry J. Fox against International Breweries, Incorporated, a Michigan corporation, to mandamus defendants to permit plaintiffs to inspect and examine the stock transfer books and records of defendant. Writ granted. Defendant appeals. Affirmed.

*Cross, Wrock, Miller, Vieson & Kelley* (*Richard F. Newton,* of counsel), for planitiffs.

*Miller, Canfield, Paddock & Stone* (*Richard B. Gushee* and *Samuel J. McKim, III,* of counsel), for defendant.

J. H. Gillis, J. This is an appeal by defendant International Breweries, Inc., from a judgment of mandamus, rendered February 26, 1965, permitting plaintiff Fox to inspect and examine the stock transfer books and records of the defendant.

On February 11, 1965, plaintiffs filed a mandamus action in Wayne county circuit court to enforce

Mr. Fox's earlier written demand, for inspection of defendant's corporate books, made pursuant to section 45 of the general corporation act, CL 1948, § 450.45 (Stat Ann 1963 Rev § 21.45).

Defendant answered, contending that the demand was made for an improper purpose, namely, to harass its board of directors into placing plaintiff Fox or his representative on the board, and that section 45 limits inspection to holders of two percent of the outstanding capital stock for at least three months prior to demand. At the time of his demand, plaintiff Fox owned more than two percent of defendant's capital stock and had been a shareholder of record for three months, although he had not owned a total of two percent for three months prior thereto. Defendant also moved for accelerated judgment of dismissal,* or alternatively, for a stay of proceedings because of the pendency of a declaratory judgment action which it had filed in Buffalo to determine whether plaintiffs were entitled to inspection under New York law.

The learned circuit judge, after argument on the pleadings and affidavits therein, ruled that plaintiffs' purpose in demanding inspection was proper and that they met the other requirements of section 45. The circuit judge issued an order and judgment of mandamus. Defendant appealed.

Section 45, to which defendant's first argument is directed, provides in part:

"The books of account and stock books of a corporation shall be open to the inspection of every shareholder holding of record, in the aggregate, 2 percent of the outstanding capital stock of the corporation (or 2 percent of any class of such stock, if 2 or more classes have been issued) and who shall have been a shareholder of record for at least 3 months prior

* See GCR 1963, 116.—REPORTER.

thereto, at all reasonable times for any proper purpose."

Defendant does not specifically allege that section 45 is vague or ambiguous on its face; rather, by a detailed analysis of the section's origin and the intention of the legislature in the enactment of the general corporation act, defendant contends that section 45 as written does not express the true intent of the legislature.

Defendant traces section 45 from the inspection provisions of the Maryland and Ohio corporation acts. From this analysis, defendant concludes that the drafters of our general corporation act "tacked" the 3 month ownership requirement "to borrowed language—this explains why this section is not better worded." Defendant says the drafters "intended two percent for three months—but pasted their 'time' language in at the wrong place. If the [language] 'for at least three months prior thereto' had been inserted after the words 'holding of record' in either paragraph, the intent would have been clearer."

We decline to read into section 45 a meaning other than that expressed by its language. We follow the rule of law frequently quoted from *People* v. *Lowell* (1930), 250 Mich 349, 359:

"Even though the court should be convinced that some other meaning was really intended by the lawmaking power, and even though the literal interpretation should defeat the very purposes of the enactment, still the explicit declaration of the legislature is the law, and the courts must not depart from it. Black on Interpretation of Laws, p 36."

Defendant further argues: one, that plaintiffs do not come into court with clean hands, in that they are attempting to harass the corporation and, two, that the circuit judge should have allowed it to

present testimony in support of this contention. Plaintiffs allege that they seek inspection in order to prepare for a proxy battle at defendant's next scheduled stockholders' meeting.

The circuit judge made the following observations at the conclusion of the mandamus hearing:

"Now the only improper purpose that I can see, alleged in the affidavit or in the pleadings, in relation to the defendants is the fact that the plaintiff (Fox) is attempting to get himself or his nominee on the board of directors. The improper purpose in this, that is, the improper aspect of it, is his attempt to do this contrary to the wishes of the presently constituted board.

"This, it appears to me, is the crux of the situation. This is what may be termed an economic battlefield in which the prize is the corporate management of International Breweries, Inc."

The trial court concluded that no improper purpose was stated in defendant's pleadings and after examination of the pleadings by this Court we find no error in the lower court's finding. Inspection of corporate records by a stockholder, meeting the requirements of section 45, for the purpose of preparing for solicitation of proxies is not improper. See cases cited in 15 ALR2d 11, § 17, p 80.

After the circuit judge granted the judgment of mandamus, defendant's declaratory judgment action was dismissed by the New York court. The dismissal of the New York action renders moot further consideration of defendant's argument that the circuit judge erred in not granting its motion for accelerated judgment. Counsel for defendant conceded as much during oral argument before this Court.

Judgment affirmed. Costs to appellees.

LESINSKI, C. J., and WATTS, J., concurred.