NORTH OAKLAND COUNTY BOARD OF REALTORS v REALCOMP, INC

Docket No. 189380. Submitted February 11, 1997, at Lansing. Decided October 17, 1997, at 9:15 A.M.

North Oakland County Board of Realtors, a shareholder of Realcomp II, Ltd., and its prior corporate entity, Realcomp, Inc., brought an action in the Oakland Circuit Court against Realcomp, Inc., and Realcomp II, Ltd., seeking to enforce its right under § 487 of the Business Corporation Act, MCL 450.1487; MSA 21.200(487), to inspect the corporate books and records of the defendants. The plaintiff had submitted to Realcomp II, Ltd., a written request for the production of books and records, stating that it wanted "to monitor the financial health of Realcomp, Inc., and Realcomp II Ltd.," and "to monitor the compliance with the first amended by-laws of Realcomp II Ltd." The plaintiff moved for summary disposition and submitted an affidavit by its accountant stating that the records were sought because of concerns over allocation of computer equipment, improper employee benefits, discrepancies between the budget and certain expenditures, expenditures in hiring certain employees, and reaffirmation of the plaintiff's ownership interest. The court, Richard D. Kuhn, J., denied the motion and dismissed the action, ruling that the plaintiff had failed to allege a proper purpose for inspection pursuant to § 487. The plaintiff appealed.

The Court of Appeals *held*:

A proper purpose for the inspection of corporate books and records under § 487 is one that is in good faith, seeks information bearing upon the protection of the requesting shareholder's interest and that of other shareholders in the corporation, and is not contrary to the corporation's interest. In this case, the plaintiff established a clear statutory right to an inspection by purporting reasons for inspection pursuant to § 487 that are specific, limited in scope, and reasonably related to its interests as a shareholder.

Reversed.

CORPORATIONS — BUSINESS CORPORATION ACT — SHAREHOLDERS' INSPECTION OF CORPORATE BOOKS AND RECORDS.

A proper purpose for asserting the right by a shareholder in a business corporation to inspect the corporation's books and records, as

provided in § 487 of the Business Corporation Act, is one that is in good faith, seeks information bearing upon the interests of the shareholder and the other shareholders, and is not contrary to the corporation's interest (MCL 450.1487; MSA 21.200[487]).

*Robert L. Sharbaugh,* for the plaintiff.

*Tilchin & Hall, P.C.* (by *Steven E. Hall*), for the defendant.

Before: MACKENZIE, P.J., and HOLBROOK, JR., and T. P. PICKARD*, JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order denying plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse.

Plaintiff North Oakland County Board of Realtors is an association of realtors serving northern Oakland County. Defendant Realcomp II, Ltd., whose prior corporate entity was Realcomp, Inc., manages a computerized multilist real estate service for its eight shareholders, comprised of plaintiff and seven other realtor boards serving southeast Michigan. Each shareholder-board appoints two members to defendant's board of directors, which manages the day-to-day business of the corporation.

In July 1994, at plaintiff's request, Pat Jacobs, an employee of plaintiff, and David Gustkey, a private accountant hired by plaintiff, conducted an informal review of defendant's general ledger for July to December 1993. Jacobs and Gustkey requested to inspect certain other corporate records, but were refused on the basis that the information was incomplete. In November 1994, plaintiff served upon

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant a written request for production of specific books and records. The espoused reason for the demand was to "monitor the financial health of Realcomp, Inc., and Realcomp II Ltd., inasmuch as the affairs of the two corporate respondents directly affected its investment and position of stockholder." Defendant acknowledged receipt of the letter, but did not acquiesce in the alleged purpose of the production demand. Instead, defendant informed plaintiff that the requested records would not be made available until December 1994 and would subsequently be limited to review only once annually.

In late December 1994, plaintiff sought a formal inspection of defendant's corporate books and records pursuant to a verified petition submitted to the circuit court. Defendant denied the request, and plaintiff filed the present action. Plaintiff initially filed a motion to show cause for the nonproduction of the documents. The circuit court ruled that the motion was premature and allowed the case to proceed. Plaintiff then filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that a proper purpose for the inspection had been alleged pursuant to MCL 450.1487; MSA 21.200(487). Defendant responded that plaintiff had the burden of proof in showing a proper purpose for the request and that general allegations of mismanagement and waste did not satisfy this burden. The circuit court denied plaintiff's motion, holding that plaintiff had failed to allege a proper purpose with sufficient clarity to fulfill the requisite burden of proof. Plaintiff filed a motion for a final order in order to perfect this matter for appeal. The trial court granted plaintiff's motion, dismissing plaintiff's case with prejudice. Plaintiff appeals.

The question presented for our review is whether plaintiff has proffered a "proper purpose" for review of defendant's corporate records under MCL 450.1487; MSA 21.200(487). We hold that plaintiff has satisfied its burden under the statute.

Because plaintiff seeks to enforce a right created by statute, we treat plaintiff's complaint as one for mandamus.[1] To obtain a writ of mandamus, the plaintiff must have a clear legal right to the performance of the specific duty sought to be compelled, and the defendants must have a clear legal duty to perform the same. *Musselman v Governor*, 448 Mich 503, 521; 533 NW2d 237 (1995). Mandamus is an extraordinary remedy that may lie to compel the exercise of discretion, but not to compel its exercise in a particular manner. *Teasel v Dep't of Mental Health*, 419 Mich 390, 409-410; 355 NW2d 75 (1984).

Here, plaintiff's right to inspect defendant's corporate records is codified at MCL 450.1487; MSA 21.200(487), which provides, in pertinent part:

> (2) Any shareholder of record . . . *shall have the right during the usual hours of business to inspect for any proper purpose the corporation's stock ledger, a list of its shareholders, and its other books and records, if the shareholder gives the corporation written demand describing with reasonable particularity his or her purpose and the records he or she desires to inspect, and the records sought are directly connected with the purpose. A proper purpose shall mean a purpose reasonably related to such person's interest as a shareholder.*
>
> (3) If the corporation does not permit an inspection within 5 business days after a demand has been received in compliance with subsection (2), or imposes unreasonable

---

[1] See MCL 600.4411; MSA 27A.4411; MCR 3.301, 3.305.

conditions upon the inspection, the shareholder may apply to the circuit court of the county in which the principal place of business or registered office of the corporation is located for an order to compel the inspection. *If the shareholder seeks to inspect the corporation's books and records other than its stock ledger or list of shareholders, he or she shall first establish that he or she has complied with this section respecting the form and manner of making demand for inspection of the documents, that the inspection he or she seeks is for a proper purpose, and that the documents sought are directly connected with the purpose.* [Emphasis added.]

Thus, a "proper purpose" is one that is reasonably related to the person's interest as a shareholder. Although no appellate court in Michigan has been called upon to interpret § 487 of the Business Corporation Act, MCL 450.1101 *et seq.*; MSA 21.200(101) *et seq.*, our courts have recognized a stockholder's common-law right to inspect corporate records for a proper purpose. *Woodworth v Old Second Nat'l Bank*, 154 Mich 459, 465-466; 117 NW 893; 118 NW 581 (1908); *People ex rel Bishop v Walker*, 9 Mich 328, 330 (1861); see also *Gurthrie v Harkness*, 199 US 148; 26 S Ct 4; 50 L Ed 130 (1905). Under the common law, a shareholder stated a proper purpose for an inspection by raising doubts whether corporate affairs had been properly conducted by the directors or management, *Woodworth, supra* at 466, or by seeking election to the corporate board of directors, *George v Int'l Breweries, Inc*, 1 Mich App 129, 133; 134 NW2d 381 (1965). On the other hand, inspection requests to satisfy idle curiosity or aid a blackmailer were held not to be proper. *Slay v Polonia Publishing Co*, 249 Mich 609, 613; 229 NW 434 (1930).

Consistent with the common law in this state and the holdings of courts in other jurisdictions with similar statutes, we hold that a proper purpose for inspection of corporate records under § 487 is one that is in good faith, seeks information bearing upon protection of the shareholder's interest and that of other shareholders in the corporation, and is not contrary to the corporation's interests. See, generally, anno: *Purposes for which stockholder or officer may exercise right to examine corporate books and records*, 15 ALR2d 11, §§ 2, 7, 8. Although idle curiosity or mere speculation of mismanagement are insufficient to justify an inspection, we do not believe that the Legislature intended in enacting § 487 to erect a formidable obstacle for shareholders in seeking an inspection of corporate records.

Here, plaintiff's original demand letter dated November 1, 1994, requested an inspection of defendant's corporate records "to monitor the financial health of Realcomp II Ltd.," as well as "to monitor the compliance with the first amended by-laws of Realcomp II Ltd." While these reasons were arguably overbroad and nonspecific, plaintiff subsequently submitted the affidavit of accountant Gustkey, which set forth several specific reasons for the requested inspection, including concerns regarding allocation of computer equipment, allegedly improper employee benefits, discrepancies between actual expenditures for tax line charges and the operating budget, expenditures in hiring certain employees, and reaffirmation of plaintiff's ownership interest. We find plaintiff's purported reasons for seeking § 487 inspection relief to be specific, limited in scope, and reasonably related to its interest as one of defendant's eight

shareholders. To the extent that defendant attempted to rebut plaintiff's allegations of mismanagement or waste in an affidavit of its executive committee, we find that the circuit court would have been justified in placing certain limits or conditions on the scope of the shareholder's inspection. See MCL 450.1487(3); MSA 21.200(487)(3). Given the nature of a mandamus action, it was not for the circuit court to evaluate the merits of plaintiff's allegations of mismanagement, but rather to determine only whether plaintiff had satisfied the statutory prerequisites for a § 487 inspection, and, if so, to issue the writ with any appropriate limitations or directions. Accordingly, because plaintiff has established a clear statutory right to an inspection and defendant has a concomitant duty to permit the inspection, we reverse the order of the circuit court and grant mandamus.[2]

Reversed.

---

[2] Jurisdiction of this matter now reverts to the circuit court. In the event that any further dispute arises regarding the nature or scope of the inspection, those specific issues must be addressed to and by the circuit court.