*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY LENNON,

        Plaintiff-Appellant,

v

EDWARD G. LENNON,

        Defendant-Appellee.

UNPUBLISHED
January 20, 2022

No. 355593
Oakland Circuit Court
LC No. 2020-181202-CZ

Before: GLEICHER, P.J., and K. F. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). Plaintiff further appeals the trial court's decision to quash a subpoena and grant a protective order prohibiting discovery until a decision was rendered on the summary disposition decision. We affirm the trial court's decision to quash the subpoena and to grant a protective order. However, we find error warranting reversal of the trial court's order granting defendant's motion for summary disposition and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant are brothers. Plaintiff was a member of the Board of Directors of the David A. Lennon Foundation, Inc. (Foundation), between 2004 and 2020. The Foundation was incorporated by defendant on March 3, 2004, to provide "[c]haritable contributions from individuals and organizations[.]" Defendant served as the President of the Foundation, which was dissolved on January 10, 2020.

Plaintiff filed a complaint in his capacity as a member of the board of directors of the Foundation. Although the complaint did not identify a specific cause of action, it requested inspection of the Foundation's books and records and sought to hold defendant liable for breaching his fiduciary duties. In particular, plaintiff sought indemnification for any tax liability possibly incurred as a result of the Foundation's loss of tax-exempt status in 2012. This loss of status purportedly occurred because defendant failed to file tax returns for the Foundation in certain tax years.

-1-

After plaintiff filed his complaint, defendant moved to quash a subpoena plaintiff served on the Bank of Ann Arbor for failing to comply with MCR 2.301(A) and sought a protective order prohibiting discovery until the trial court decided defendant's yet-to-be-filed motion for summary disposition. The trial court granted defendant's motion, and therefore, plaintiff was unable to engage in discovery prior to the decision on the disposition motion. The trial court issued an opinion and order that denied defendant's motion for summary disposition under MCR 2.116(C)(8), but granted the motion under MCR 2.116(C)(10), concluding that plaintiff failed to present evidence that he actually incurred a tax liability. This appeal followed.

## II. STANDARD OF REVIEW

"[This Court] review[s] for an abuse of discretion a trial court's decision on a motion for a protective order." *Alberto v Toyota Motor Corp*, 289 Mich App 328, 340; 796 NW2d 490 (2010). This Court also reviews for an abuse of discretion a trial court's decision on a motion to quash. *Bush v Beemer*, 224 Mich App 457, 465-466; 569 NW2d 636 (1997). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

"Appellate review of the grant or denial of a summary-disposition motion is de novo . . . ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The appellate court "review[s] a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West*, 469 Mich at 183. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

This Court also reviews de novo a motion under MCR 2.116(C)(8). *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). This motion tests the legal sufficiency of the complaint premised on the pleadings alone and may be granted only when the claims alleged are clearly unenforceable as a matter of law. *Id*. at 739-740.

This Court also reviews questions involving statutory interpretation de novo. *Lear Corp v Dep't of Treasury*, 299 Mich App 533, 536; 831 NW2d 255 (2013). "When interpreting statutes, the primary goal of the judiciary is to ascertain and give effect to the intent of the Legislature." *Haynes v Beulah Village*, 308 Mich App 465, 468; 865 NW2d 923 (2014). "In the absence of ambiguities, judicial construction is neither necessary nor permitted." *Lear Corp*, 299 Mich App at 537 (quotation marks and citation omitted). "However, if the intent of the Legislature is not clear, courts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Haynes*, 308 Mich App at 368 (quotation marks and citation omitted).

## III. DISCUSSION

### A. MOTION TO QUASH AND PROTECTIVE ORDER

Plaintiff first contends the trial court abused its discretion when it granted defendant's motion to quash and for protective order. We disagree.

In the trial court, defendant sought to quash the subpoena to the Bank of Ann Arbor for plaintiff's failure to comply with MCR 2.301(A)(1). That court rule states:

> In a case where initial disclosures are required, a party may seek discovery only after the party serves its initial disclosures under MCR 2.302(A). Otherwise, a party may seek discovery after commencement of the action when authorized by these rules, by stipulation, or by court order. [MCR 2.301(A)(1).]

In response, plaintiff did not dispute that initial disclosures were required and acknowledged that he had not complied with the court rule before serving the subpoena. Nonetheless, on appeal, plaintiff contends that it was a technical violation of the rule that was mooted once he served his initial disclosures before the hearing. Plaintiff's argument, however, is unpersuasive. If a plaintiff fails to comply with the requirements of a court rule, the trial court does not abuse its discretion by denying the requested relief for the noncompliance. See *Grayling Twp v Berry*, 329 Mich App 133, 152; 942 NW2d 63 (2019). Thus, in this case, the trial court's adherence to the court rule, which prohibits discovery before initial disclosures are served, was not an abuse of discretion. *Id*.

In addition to quashing the subpoena, the trial court also entered a protective order prohibiting discovery until it decided defendant's motion for summary disposition. Although Michigan has a broad policy on discovery, trial courts are authorized to limit discovery "to protect parties from excessive, abusive, or irrelevant discovery requests." *Thomas M Cooley Law School v Doe*, 300 Mich App 245, 260-261; 833 NW2d 331 (2013). MCR 2.302(C)(1) governs protective orders and states:

> **(C) Protective Orders.** On motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following orders:
>
> (1) that the discovery not be had[.]

"A trial court has broad discretion to determine what constitutes 'good cause.'" *Thomas M Cooley Law School*, 300 Mich App at 264. "A variety of sound or valid reasons may support a trial court's decision to limit discovery . . . ." *Id*.

Plaintiff did not argue in the trial court that defendant failed to demonstrate good cause for the issuance of a protective order and has, therefore, failed to preserve the argument for appeal. See *Lenawee Co v Wagley*, 301 Mich App 134, 164; 836 NW2d 193 (2013). This argument is, therefore, subject to plain error review. *Total Armored Car Serv, Inc v Dep't of Treasury*, 325 Mich App 403, 412; 926 NW2d 276 (2018). "To establish an entitlement to relief based on plain error, the injured party must show (1) that an error occurred, (2) that the error was plain and (3) that the plain error affected [its] substantial rights." *Id*. (quotation marks and citation omitted; alteration in original). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

When defendant moved for summary disposition, he challenged whether plaintiff stated a claim as a matter of law, MCR 2.116(C)(8), asserting he owed no fiduciary duties to plaintiff, and that plaintiff was not entitled to the Foundation's records. Accordingly, the trial court was entitled under MCR 2.302(C)(1) to limit discovery until it decided the legal question of whether plaintiff stated a claim for relief in his complaint. This decision protected defendant, as well as plaintiff, from incurring undue expense and burden if the motion under MCR 2.116(C)(8) were granted. Plaintiff failed to demonstrate an abuse of discretion or plain error.[1]

## B. SUMMARY DISPOSITION

Plaintiff next contends that the trial court erred by prohibiting plaintiff from conducting discovery then concluding that summary disposition was proper under MCR 2.116(C)(10) for plaintiff's failure to produce documentary evidence to create a genuine issue of material fact. We agree.

"Generally, a motion for summary disposition under MCR 2.116(C)(10) is premature when discovery on a disputed issue has not been completed." *Colista v Thomas*, 241 Mich App 529, 537; 616 NW2d 249 (2000). "However, summary disposition before the close of discovery is appropriate if there is no reasonable chance that further discovery will result in factual support for the nonmoving party." *Id*. at 537-538.

The trial court's reasoning for granting defendant's motion—that plaintiff failed to present evidence in response to defendant's motion under MCR 2.116(C)(10)—cannot stand given it prohibited plaintiff from conducting any discovery before ruling on that very motion. The trial court clearly was of the view that factual support could be obtained by plaintiff to withstand summary disposition—*i.e.*, proof of tax liability—and, therefore, should not have granted summary disposition under MCR 2.116(C)(10) before permitting plaintiff the opportunity. *Colista*, 241 Mich App at 537. In other words, the trial court cannot punish plaintiff for failing to obtain the evidence it prohibited him from pursuing.

As an alternative ground for affirmance, defendant submits that summary disposition was appropriate under MCR 2.116(C)(8) because it did not owe a fiduciary duty to plaintiff. "[A] fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one upon the judgment and advice of another." *In re Monier Khalil Living Trust*, 328 Mich App 151, 168; 936 NW2d 694 (2019) (quotation marks and citation omitted, alteration in original).

---

[1] We also note that "[a]n issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010). The trial court's order permitting a protective order was in effect only until it rendered a decision on the dispositive motion. Further, plaintiff claimed that he cured the noncompliance with MCR 2.301(A). Therefore, in light of our conclusion that summary disposition was improper under MCR 2.116(C)(10), on remand, the protective order would not be in effect and discovery would occur.

"Whether a [fiduciary] duty exists is a question of law that is solely for the court to decide." *Harts v Farmers Ins Exch*, 461 Mich 1, 6; 597 NW2d 47 (1999).

Defendant claims that plaintiff failed to come forward with any binding caselaw affirming a director can sue an officer of a dissolved nonprofit corporation.[2] However, plaintiff alleged that defendant undertook the job of filing the Foundation's tax returns and purportedly knew before dissolution that the Foundation lost its tax-exempt status. Thus, liberally read, plaintiff's complaint alleges that he, as a member of the Board of Directors, placed faith and confidence in defendant with respect to the Foundation's tax filings.[3] This is sufficient to state a claim for breach of fiduciary duty. See *Monier Khalil Living Trust*, 328 Mich App at 168.

Defendant also claims plaintiff did not have standing to sue him because any suit must be brought in the name of the corporation, and not individually as plaintiff has done. However, defendant mischaracterizes plaintiff's lawsuit. It is true that "a suit to enforce corporate rights or to redress or prevent injury to a corporation, whether arising from contract or tort, ordinarily must be brought in the name of the corporation, and not that of a stockholder, officer, or employee." *Belle Isle Grille Corp v Detroit*, 256 Mich App 463, 474; 666 NW2d 271 (2003). Yet, plaintiff did not sue to redress injury to the Foundation. Instead, he sought access to the Foundation's books and records, a right explicitly found in the Nonprofit Corporation Act, MCL 450.2101 *et seq*., and sought indemnification for any tax liability as a result of the Foundation's loss of tax-exempt status. In light of the nature of the allegations, summary disposition under MCR 2.116(C)(8) was not appropriate.

Lastly, plaintiff contends the trial court should not have granted defendant's motion because aside from the issue of fiduciary duty, plaintiff was entitled to inspect the Foundation's records under MCL 450.2487(4). That statutory section states:

> A director may examine any of the corporation's books and records for a purpose reasonably related to his or her position as a director. The director may apply to the circuit court of the county in which the principal place of business or registered office of the corporation is located for an order to compel the inspection. In its discretion, the court may order the corporation to permit the director to inspect any and all books and records, prescribe conditions and limitations on the inspection, and award other and further relief that the court considers just and proper. [MCL 450.2487(4).]

The statute does not define what constitutes a "purpose reasonably related" to the position of director. In other contexts, this Court has stated "a proper purpose for inspection of corporate

---

[2] The cases cited by plaintiff are not binding on this Court and are unpersuasive. See *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004) ("Although lower federal court decisions may be persuasive, they are not binding on state courts.").

[3] We note that it may behoove plaintiff to seek to clarify and amend his complaint in the trial court because it can be anticipated that additional dispositive motions will be filed. See, e.g., MCR 2.116(I)(5).

records . . . is one that is in good faith, seeks information bearing upon protection of the shareholder's interest and that of other shareholders in the corporation, and is not contrary to the corporation's interests." *North Oakland Co Bd of Realtors v Realcomp, Inc*, 226 Mich App 54, 59; 572 NW2d 240 (1997). Here, plaintiff sought to inspect the Foundation's financial records. In light of the Foundation's loss of tax-exempt status and uncertainty with tax liability, such a request can be said to be reasonably related to plaintiff's position as Director.

Despite the plain language of MCL 450.2487(4), defendant contends that the statute is inapplicable because it does not apply to dissolved corporations, such as the Foundation. However, under MCL 450.2489(1), a director has a cause of action "to establish that the acts of the directors, shareholders, members, or others in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive to the corporation or to the director, member, or shareholder." If the director seeks damages, he or she must do so "within 3 years after the cause of action under this section has accrued, or within 2 years after the shareholder or member discovers or reasonably should have discovered the cause of action under this section, whichever occurs first." MCL 450.2489(1)(f). This suggests that a claim may be brought under MCL 450.2489 after dissolution of the corporation, because the director may not become aware of the cause of action until after such dissolution. Moreover, there is no indication that alleged inappropriate corporate management may not be litigated by simply dissolving the corporation. Thus, plaintiff had a viable claim under MCL 450.2487(4), and the trial court should not have granted defendant's motion.[4]

We affirm the trial court's rulings quashing the subpoena and for protective order, but reverse the trial court's decision granting summary disposition. We do not retain jurisdiction. No taxable costs are awarded, neither party having prevailed in full.


/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly

---

[4] In his brief and documentary evidence submitted to this Court, defendant sought sanctions against plaintiff, claiming the appeal is vexatious. He further opined that plaintiff suffered from mental illness, was involved in assaultive criminal activity, and engaged in conduct designed to harass defendant, as evidenced by a prior lawsuit. The allegations regarding plaintiff's mental state and conduct was not supported with documentary evidence and do not negate the allegations raised in the complaint. Moreover, given that we have granted partial relief to plaintiff, we could not conclude plaintiff's appeal was vexatious or lacking legal merit.